IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN NANCY S. DIETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-256 |
| | ) |
| JAMES M. BAKER, et al. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER**

Defendant City of Wilmington ("the City"), by and through its undersigned counsel, hereby answers the Complaint as follows:

1. This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed required, the allegations in this paragraph are denied.

2. This paragraph states a legal conclusion as to which no response is required.

3. Admitted.

4. Admitted that Defendant James M. Baker ("the Mayor") currently holds the office of Mayor of the City of Wilmington, Delaware. The remainder of this paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed required, the allegations in this paragraph are denied.

5. Denied as stated because there is no legal entity called the "Mayor and City Council of Wilmington"; by way of further answer, it is admitted that there is a municipal corporation called the City of Wilmington that is organized under the laws of the State of Delaware and that the City of Wilmington maintains a police department.

6. Admitted.

7. Admitted.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

20. Denied.

21. Denied as state; by way of further answer, it is admitted that Inspector is the second highest rank in the Police Department and that there are currently two Inspector positions in the Police Department: Inspector for Investigations Operations and Inspector for Uniformed Operations.

22. Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to and in accordance with the provisions of the Wilmington City Code and personnel policies of the City of Wilmington and he accepts comments, suggestions and recommendations from others, including the Chief of Police, when he appoints inspectors.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Denied as stated; by way of further answer, it is admitted that the Mayor appointed James Wright, who is an African-American male, to the position of Inspector for Uniformed Operations after the retirement of Inspector James Stallings.

31. Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

32. Admitted.

33. Denied.

34. Denied.

35. Denied, except that it is admitted that Inspector Martin Donohue is white.

36. Denied.

37. Denied, except it is admitted that upon the retirement of Inspector James Wright from the position of Inspector for Uniformed Operations that position was vacant, and that the Mayor met with Chief Szczerba regarding the appointment of a new Inspector for Uniformed Operations.

38. Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

39. Denied, except that it is admitted that Inspector Martin Donohue is white.

40. Denied.

41. Denied.

42. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph regarding Plaintiff's mental impressions, and therefore denies them; otherwise denied.

43. Denied.

44. Denied.

4

45. Denied.

46. Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

47. Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendant repeats and realleges paragraphs 1-60 set out above.

62. Denied.

63. Denied.

64. Denied.

65. Defendant repeats and realleges paragraphs 1-64 set out above.

66. Admitted.

67. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

68. Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

69. Denied; by way of further answer, vacancies for the position of Uniformed Operations Inspector have occurred more than two times.

70. Admitted.

71. Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

72. Denied.

73. Denied.

74. Denied.

75. Defendant repeats and realleges paragraphs 1-64 set out above.

76. Admitted.

77. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

78. Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

DB02:5446364.1                                                                                                                                  065366.1001

79. Denied; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

80. Admitted.

81. Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

82. Denied.

83. Denied.

84. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

85. Admitted.

86. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, nor is the Defendant subject to an award of punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant City of Wilmington has not authorized or ratified any discriminatory actions in the appointment of Police Department Inspectors.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any discriminatory or retaliatory treatment, and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

The actions of Defendants are not an actual or proximate cause of any damage or harm suffered by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

DB02:5446364.1    065366.1001

ELEVENTH AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

WHEREFORE, Defendant demands that the Complaint be dismissed, with costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


  /s/ *Teresa A. Cheek*
Teresa A. Cheek, Esquire (No. 2657)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Counsel for Defendants

Dated: August 21, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN NANCY S. DIETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-256 |
| | ) |
| JAMES M. BAKER, et al. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2006, I electronically filed a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Complaint and this Certificate of Service with the Clerk of the Court using CM/ECF. A copy of such document was hand delivered to:

> Thomas S. Neuberger, Esquire
> Two East Seventh Street, Suite 302
> Wilmington, DE  19801

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> __/s/_ Teresa A. Cheek_____
> Teresa A. Cheek, Esquire (No. 2657)
> Margaret M. DiBianca, Esquire (No. 4539)
> The Brandywine Building, 17th Floor
> 1000 West Street, P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-6676
> Facsimile: (302) 576-3286
> Counsel for Defendants

Dated: August 21, 2006