IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-256-SLR |
| | ) | |
| JAMES M. BAKER, et al. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND ORDER
REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is hereby **ORDERED**:

1. **Designation of Discovery Materials as Confidential**. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." A party who provides material may designate it as confidential only when such person reasonably and in good faith believes it includes or consists of one or more of the following: (1) personnel information or records; (2) an individual's tax information or records; (3) investigatory files; (4) criminal files and records; (5) intelligence files compiled for law enforcement purposes; (6) records

involving collective bargaining or labor negotiations; (7) records of discussions held in executive sessions within the meaning of 29 Del. C. § 10004(b) and (c); or (8) any other records deemed not to be public as described in 29 Del. C. § 10002(g). Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL" as described above shall also be deemed to be designated as "CONFIDENTIAL."

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than

preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

   (d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   (i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.

   (ii) Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

   (iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

   (iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of the provisions of this Order requiring that the documents and information be held in confidence.

   (v) Witnesses or deponents (other than witnesses and deponents covered by (ii) above), and their counsel, during the course of and, to the

extent necessary, in preparation for depositions or testimony in the above-captioned matter.

    (e)    Counsel for the parties shall take reasonable measures to keep confidential documents that are in their possession secure.

2.    **Confidential Information Filed with Court.** All submissions to the Court that incorporate or disclose confidential information shall be labeled and filed with the Clerk of the Court and submitted to the Court in a sealed container with the caption of this action and the words "SEALED - SUBJECT TO PROTECTIVE ORDER" and the following statement: "This contains (description of contents) which incorporates confidential information, and is not to be opened nor its contents to be revealed to anyone other than authorized court personnel or counsel of record, except by Order of the Court."

3.    **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.    **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5.    **Admissibility.** Nothing in this Confidentiality Stipulation and Order shall be construed to affect in any way the admissibility or use of any document, tangible

thing, testimony, or other evidence at trial, nor shall anything herein be construed to limit in any way a designator's use of its own discovery material or confidential information.

6.     **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

| | |
|---|---|
| LANDIS RATH & COBB LLP | YOUNG, CONAWAY, STARGATT & TAYLOR |
| /s/ Rebecca L. Butcher | /s/ Teresa A. Cheek |
| Daniel B. Rath, Esquire (No. 3022) | Teresa A. Cheek (No. 2657) |
| Rebecca L. Butcher, Esquire (No. 3816) | 1000 West Street, 17th Floor |
| Landis Rath & Cobb LLP | P.O. Box 391 |
| 919 Market Street, Suite 600 | Wilmington, DE 19899 |
| P.O. Box 2087 | (302) 571-6676 |
| Wilmington, DE 19899 | Counsel for Defendant City of Wilmington |
| Counsel for Defendant James M. Baker | |

THE NEUBERGER FIRM

/s/ Stephen J. Neuberger
Thomas S. Neuberger, Esquire (No. 243)
Stephen J. Neuberger, Esquire (No. 4440)
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Counsel for Plaintiff


Dated: December 14, 2006

SO ORDERED, this ___ day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE