IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-256-SLR |
| | ) | |
| JAMES M. BAKER, individually and in his | ) | JURY TRIAL DEMANDED |
| official capacity as the Mayor of the City of | ) | |
| Wilmington; and MAYOR AND COUNCIL | ) | |
| OF WILMINGTON, a municipal corporation. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION AND ORDER REGARDING AMENDMENT OF ANSWERS OF
DEFENDANTS CITY OF WILMINGTON AND JAMES M. BAKER AND SETTING OF
DISCOVERY DEADLINE**

The parties in the above-captioned matter, pursuant to the provisions of Fed. R. Civ. P.

15(a), stipulate to the amendment of the answer in this matter as follows:

1.      The name of the defendant "Mayor and Council of the City of Wilmington" shall

be stated as "City of Wilmington, a Municipal Corporation," and thus, the caption in this matter

will be as follows:

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-256-SLR |
| | ) | |
| JAMES M. BAKER, individually and in his | ) | JURY TRIAL DEMANDED |
| official capacity as the Mayor of the City of | ) | |
| Wilmington; and the CITY OF | ) | |
| WILMINGTON, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

2.      Red-lined copies of the proposed Amended Answers are attached hereto as

Exhibits A and B. Defendants will file their Amended Answers within three days after the Court's approval of this stipulation.

3.      Defendants shall file their responses to Plaintiff's first set of discovery requests within ten business days after the filing of the Amended Answers.

LANDIS RATH & COBB LLP

/s/  Rebecca L. Butcher
Daniel B. Rath, Esquire (No. 3022)
Rebecca L. Butcher, Esquire (No. 3816)
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899
Counsel for Defendant James M. Baker

YOUNG, CONAWAY, STARGATT & TAYLOR

/s/  Teresa A. Cheek
Teresa A. Cheek (No. 2657)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
(302) 571-6676
Counsel for Defendant City of Wilmington

THE NEUBERGER FIRM

/s/ Stephen J. Neuberger
Thomas S. Neuberger, Esquire (No. 243)
Stephen J. Neuberger, Esquire (No. 4440)
Two East Seventh Street, Suite 302
Wilmington, DE  19801
Counsel for Plaintiff


Dated: January 29, 2007

IT IS SO ORDERED.

Date:_____


_____
            U.S.D.J.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-256 |
| | ) | |
| JAMES M. BAKER, et al. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED ANSWER

Defendant City of Wilmington ("the City"), by and through its undersigned counsel, hereby answers the Complaint as follows:

1.    This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed required, the allegations in this paragraph are denied.

2.    This paragraph states a legal conclusion as to which no response is required.

3.    Admitted.

4.    Admitted that Defendant James M. Baker ("the Mayor") currently holds the office of Mayor of the City of Wilmington, Delaware. The remainder of this paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed required, the allegations in this paragraph are denied.

5.    Denied as stated because there is no legal entity called the "Mayor and City Council of  Wilmington"; by way of further answer, it is admitted that there is a municipal corporation called the City of Wilmington that is organized under the laws of the State of Delaware and that the City of Wilmington maintains a police department.

6.    Admitted.

7.    Admitted.

8.      Admitted. ~~Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.~~

9.      Admitted. ~~Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.~~

10.     The allegations included in the first sentence of this paragraph are admitted. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and therefore denies them. ~~Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.~~

11.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied, except that Defendant admits the following:

- Plaintiff has been , since 2005, a Captain and the commanding officer of the Wilmington Police Department's Human Resources Division, where she was responsible for the Training Unit, the Police Academy, the Planning Unit, the Budget and Grant Unit, the Personnel Unit and the Accreditation Unit, and the Range.

- From 2001 to 2005, Plaintiff was a Captain and the commanding officer of the Office of Professional Standards, where she supervised the Investigators, the Court Liaison Officer and the Extra Job Coordinator.

- From 1997 to 2001, Plaintiff was a Captain and was assigned to the Criminal Investigations Division.

- From 1995 to 1997, Plaintiff was a Lieutenant and was assigned to the Criminal Investigations Division.

- From 1993 to 1995, Plaintiff was a Lieutenant and was assigned to the Human Resources Division.

- From 1991 to 1993, Plaintiff was a Lieutenant.

- From 1989 to 1991, Plaintiff was a Sergeant.

- From 1980 to 1989, Plaintiff was a Patrol Officer.~~Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.~~

13.    Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.~~Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.~~

14.    Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to their truth and therefore denies them, except that Defendant admits that Plaintiff's personnel file includes records reflecting official commendations and expressions of gratitude for Plaintiff's services in her capacity as a member of the Wilmington Police Department.~~Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.~~

3

15.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

16.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

18.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

19.    Admitted.  ~~Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.~~

20.    Denied.

21.    Denied as state; by way of further answer, it is admitted that Inspector is the second highest rank in the Police Department and that there are currently two Inspector positions in the Police Department: Inspector for Investigations Operations and Inspector for Uniformed Operations.

22.    Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to and in accordance with the provisions of the Wilmington City Code and personnel policies of the City of Wilmington and he accepts comments, suggestions and recommendations from others, including the Chief of Police, when he appoints inspectors.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.     Denied.

28.     Admitted.

29.     Admitted.

30.     Denied as stated; by way of further answer, it is admitted that the Mayor appointed James Wright, who is an African-American male, to the position of Inspector for Uniformed Operations after the retirement of Inspector James Stallings.

31.     Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

32.     Admitted.

33.     Denied.

34.     Denied.

35.     Denied, except that it is admitted that Inspector Martin Donohue is white.

36.     Denied.

37.     Denied, except it is admitted that upon the retirement of Inspector James Wright from the position of Inspector for Uniformed Operations that position was vacant, and that the Mayor met with Chief Szczerba regarding the appointment of a new Inspector for Uniformed Operations, and that Chief Szczerba favored the appointment of Plaintiff to the vacant position.

38.     Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

39.     Denied, except that it is admitted that Inspector Martin Donohue is white.

40.     Denied.

5

41.    Denied.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph regarding Plaintiff's mental impressions, and therefore denies them; otherwise denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

47.    Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

DB02:5623080.1                                                065366.1001DB02:5623080.1
065366.1001

58.    Denied.

59.    Denied.

60.    Denied.

61.    Defendant repeats and realleges paragraphs 1-60 set out above.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Defendant repeats and realleges paragraphs 1-64 set out above.

66.    Admitted.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

68.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

69.    Denied; by way of further answer, vacancies for the position of Uniformed Operations Inspector have occurred more than two times.

70.    Admitted.

71.    Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Defendant repeats and realleges paragraphs 1-64 set out above.

76.     Admitted.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

78.     Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

79.     Denied; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

80.     Admitted.

81.     Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

82.     Denied.

83.     Denied.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

85.     Admitted.

86.     Denied.

**AFFIRMATIVE DEFENSES**

<u>FIRST AFFIRMATIVE DEFENSE</u>

All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to state a claim on which relief can be granted.

DB02:5623080.1                                                              065366.1001DB02:5623080.1
065366.1001

## THIRD AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, nor is the Defendant subject to an award of punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant City of Wilmington has not authorized or ratified any discriminatory actions in the appointment of Police Department Inspectors.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any discriminatory or retaliatory treatment, and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

The actions of Defendants are not an actual or proximate cause of any damage or harm suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

DB02:5623080.1                                                    065366.1001DB02:5623080.1
                                      065366.1001

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

ELEVENTH AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

WHEREFORE, Defendant demands that the Complaint be dismissed, with costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


    /s/  Teresa A. Cheek
Teresa A. Cheek, Esquire (No. 2657)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Counsel for Defendant City of Wilmingtons

Dated: January 22, 2007August 21, 2006

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 06-256 (SLR) |
| | § | |
| JAMES M. BAKER, individually and in his | § | |
| official capacity as the Mayor of the City of | § | |
| Wilmington; and MAYOR AND COUNCIL | § | |
| OF WILMINGTON, a municipal | § | |
| corporation, | § | |
| | § | |
| Defendants. | § | |

## <u>AMENDED ANSWER</u>

Defendant James M. Baker ("Defendant") individually and in his official capacity hereby

responds to the complaint filed by Plaintiff Captain Nancy S. Dietz ("Plaintiff") as follows:

1.      The allegations contained in this paragraph state legal conclusions to which no

response is required.  To the extent a response is required, the allegations are denied.

## I.      <u>JURISDICTION</u>

2.      The allegations contained in this paragraph state legal conclusions to which no

response is required.  To the extent a response is required, the allegations are denied.

## II.      <u>THE PARTIES</u>

3.      Admitted.

4.      Admitted that Defendant currently holds the office of Mayor of the City of

Wilmington.  The remaining allegations contained in this paragraph state legal conclusions to

which no response is required.  To the extent a response is required, these allegations are denied.

5.      Denied as stated because there is no legal entity called the "Mayor and City

Council of Wilmington"; by way of further answer, it is admitted that there is a municipal

corporation called the City of Wilmington that is organized under the laws of the State of Delaware and the City of Wilmington maintains a police department.

### III.    FACTS GIVING RISE TO THE ACTION

### A.    PLAINTIFF'S QUALIFICATIONS

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    The allegations contained in the first sentence of this paragraph are admitted. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, therefore these allegations are denied.

11.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

12.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied, except that Defendant admits the following:

> Plaintiff has held, since 2005, the rank of Captain and the position of commanding officer of the Wilmington Police Department's Human Resources Division, where she was responsible for the Training Unit, the Police Academy, the Planning Unit, the Budget and Grant Unit, the Personnel Unit, the Accreditation Unit and the Range.
>
> From 2001 to 2005, Plaintiff held the rank of Captain and the position of commanding officer of the Office of Professional Standards, where she supervised the Investigators, the Court Liaison Officer and the Extra Job Coordinator.
>
> From 1997 to 2001, Plaintiff held the rank of Captain and was assigned to the Criminal Investigations Division.

From 1995 to 1997, Plaintiff held the rank of Lieutenant and was assigned to the Criminal Investigations Division.

From 1993 to 1995, Plaintiff held the rank of Lieutenant and was assigned to the Human Resources Division.

From 1991 to 1993, Plaintiff held the rank of Lieutenant.

From 1989 to 1991, Plaintiff held the rank of Sergeant.

From 1980 to 1989, Plaintiff held the position of Patrol Officer.

13.    Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, therefore these allegations are denied.

14.    Due to the vagueness of the allegations contained in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, therefore these allegations are denied, except that Defendant admits that Plaintiff's personnel file contains documents reflecting official commendations and expressions of gratitude for Plaintiff's services in her capacity as an officer of the Wilmington Police Department.

15.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

16.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

18.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

13.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

14.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

15.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

16.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

17.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

18.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

19.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

19.     Admitted.

## B.     THE QUOTA SYSTEM

20.     Denied.

21.     Admitted that Inspector is the second highest rank in the Police Department. Admitted that there are currently two Inspector positions in the Police Department: Inspector for Investigations Operations and Inspector for Uniformed Operations.    All allegations not specifically admitted in this paragraph are denied.

22.     Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City

Code and the personnel policies of the City of Wilmington and he accepts comments, suggestions and recommendations from others, including the Chief of Police, when he appoints Inspectors.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Admitted.

29.    Admitted.

30.    Denied as stated; by way of further answer, it is admitted that Defendant appointed James Wright, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Stallings.

31.    Denied as stated; by way of further answer, it is admitted that Defendant appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

32.    Admitted.

33.    Denied.

34.    Denied.

35.    Admitted that Inspector Martin Donahue is white.  The remaining allegations contained in this paragraph are denied.

36.    Denied.

37.     Admitted that upon the retirement of James Wright from the position of Inspector for Uniformed Operations that position was vacant.  Admitted that Defendant met with Chief Szczerba regarding the appointment of a new Inspector for Uniformed Operations, and admitted that Szczerba favored the appointment of Plaintiff to the vacant position.  All allegations not specifically admitted in this paragraph are denied.

38.     Denied as stated; by way of further answer, it is admitted that Defendant appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

39.     Admitted that Inspector Martin Donahue is white.  The remaining allegations contained in this paragraph are denied.

40.     Denied.

41.     Denied.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge contained in the first sentence of this paragraph, therefore these allegations are denied.  The remaining allegations contained in this paragraph are denied.

## E[sic]. DAMAGES

43.     Denied.

## IV.     ALLEGATIONS REGARDING THE DEFENDANTS' CONDUCT

44.     Denied.

45.     Denied.

46.     Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

47.     Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.


**COUNT I (Illegal Quota System)**

61.     Defendant incorporates its responses set forth in paragraphs 1 through 60 as if fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

## COUNT II (Promotion, Race Discrimination)

### A.    Pretext Analysis

65.    Defendant incorporates its responses set forth in paragraphs 1 through 64 as if fully set forth herein.

66.    Admitted.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

68.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

69.    Denied as stated; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

70.    Admitted.

71.    Denied, except it is admitted that the two most recent appointments to the position of Inspector for Uniformed Operations have been African American males.

72.    Denied.

73.    Denied.

74.    Denied.

## Count III (Promotion, Sex Discrimination)

### A.    Pretext Analysis

75.     Defendant incorporates its responses set forth in paragraphs 1 through 74 as if fully set forth herein.

76.     Admitted.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

78.     Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

79.     Denied as stated; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

80.     Admitted.

81.     Denied, except it is admitted that the two most recent appointments to the position of Inspector for Uniformed Operations have been African American males.

82.     Denied.

83.     Denied.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

85.     Admitted.

86.     Denied.

## **AFFIRMATIVE DEFENSES**

87.     Plaintiff has failed to state a claim on which relief can be granted.

88.     The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

89.     Plaintiff's claims are barred in whole or in part by the statute of limitations.

90.     Plaintiff's claims are barred in whole of in part by the doctrine of laches.

91.     Plaintiff is not entitled to punitive damages, nor is the Defendant subject to an award of punitive damages.

92.     Defendant's actions and conduct did not violate any clearly established constitutional or federal statutory rights of which the Defendant should have been reasonably aware, and he therefore is entitled to qualified immunity.

93.     Defendant's actions and conduct, to the extent they occurred as alleged, were undertaken in good faith performance of his official duties, without wantonness or malice, and were therefore privileged under applicable law.

94.     All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

95.     The actions of Defendants were not an actual or proximate cause of any damage or harm suffered by Plaintiff.

96.     The actions and conduct of the Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

97.     Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.  Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

WHEREFORE Defendant James M. Baker respectfully requests that Plaintiff Captain

Nancy S. Dietz's complaint be dismissed in its entirety with prejudice and Defendant Baker be

awarded costs, fees and such other and further relief as the Court deems appropriate.

LANDIS RATH & COBB LLP

_____
Daniel B. Rath (#3022)
Rebecca L. Butcher (#3816)
919 Market Street, Suite 600
Wilmington, Delaware 19801
(302) 467-4400

Attorneys for James M. Baker, individually
and in his official capacity as Mayor of the
City of Wilmington

Dated: August 21, 2006Dated: January 22, 2007

572 001-15265

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAPTAIN NANCY S. DIETZ,        )
                                          )
                Plaintiff,       )
                                          )
      v.                       )   C.A. No. 06-256
                                          )
JAMES M. BAKER, et al.       )   JURY TRIAL DEMANDED
                                          )
            Defendants.    )
                                          )

**AMENDED ANSWER**

Defendant City of Wilmington ("the City"), by and through its undersigned counsel,

hereby answers the Complaint as follows:

1.      This paragraph states a legal conclusion as to which no response is required. To

the extent to which a response is deemed required, the allegations in this paragraph are denied.

2.      This paragraph states a legal conclusion as to which no response is required.

3.      Admitted.

4.      Admitted that Defendant James M. Baker ("the Mayor") currently holds the office

of Mayor of the City of Wilmington, Delaware. The remainder of this paragraph states a legal

conclusion as to which no response is required. To the extent to which a response is deemed

required, the allegations in this paragraph are denied.

5.      Denied as stated because there is no legal entity called the "Mayor and City

Council of  Wilmington"; by way of further answer, it is admitted that there is a municipal

corporation called the City of Wilmington that is organized under the laws of the State of

Delaware and that the City of Wilmington maintains a police department.

6.      Admitted.

7.      Admitted.

8.     Admitted.

9.     Admitted.

10.     The allegations included in the first sentence of this paragraph are admitted.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in the second sentence of this paragraph and therefore denies them.

11.     Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in this paragraph and therefore denies them.

12.     Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in this paragraph, therefore these allegations are denied,

except that Defendant admits the following:

- Plaintiff has been , since 2005, a Captain and the commanding officer of the Wilmington Police Department's Human Resources Division, where she was responsible for the Training Unit, the Police Academy, the Planning Unit, the Budget and Grant Unit, the Personnel Unit and the Accreditation Unit, and the Range.

- From 2001 to 2005, Plaintiff was a Captain and the commanding officer of the Office of Professional Standards, where she supervised the Investigators, the Court Liaison Officer and the Extra Job Coordinator.

- From 1997 to 2001, Plaintiff was a Captain and was assigned to the Criminal Investigations Division.

- From 1995 to 1997, Plaintiff was a Lieutenant and was assigned to the Criminal Investigations Division.

- From 1993 to 1995, Plaintiff was a Lieutenant and was assigned to the Human Resources Division.

- From 1991 to 1993, Plaintiff was a Lieutenant.

- From 1989 to 1991, Plaintiff was a Sergeant.

- From 1980 to 1989, Plaintiff was a Patrol Officer.

13.    Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.

14.    Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to their truth and therefore denies them, except that Defendant admits that Plaintiff's personnel file includes records reflecting official commendations and expressions of gratitude for Plaintiff's services in her capacity as a member of the Wilmington Police Department.

15.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

16.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

18.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

19.    Admitted.

20.    Denied.

21.     Denied as stated; by way of further answer, it is admitted that Inspector is the second highest rank in the Police Department and that there are currently two Inspector positions in the Police Department: Inspector for Investigations Operations and Inspector for Uniformed Operations.

22.     Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to and in accordance with the provisions of the Wilmington City Code and personnel policies of the City of Wilmington and he accepts comments, suggestions and recommendations from others, including the Chief of Police, when he appoints inspectors.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Admitted.

29.     Admitted.

30.     Denied as stated; by way of further answer, it is admitted that the Mayor appointed James Wright, who is an African-American male, to the position of Inspector for Uniformed Operations after the retirement of Inspector James Stallings.

31.     Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

32.     Admitted.

33.     Denied.

34.   Denied.

35.   Denied, except that it is admitted that Inspector Martin Donohue is white.

36.   Denied.

37.   Denied, except it is admitted that upon the retirement of Inspector James Wright from the position of Inspector for Uniformed Operations that position was vacant, that the Mayor met with Chief Szczerba regarding the appointment of a new Inspector for Uniformed Operations, and that Chief Szczerba favored the appointment of Plaintiff to the vacant position.

38.   Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

39.   Denied, except that it is admitted that Inspector Martin Donohue is white.

40.   Denied.

41.   Denied.

42.   Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph regarding Plaintiff's mental impressions, and therefore denies them; otherwise denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

47.     Denied as stated; by way of further answer, the Mayor appoints Police

Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel

policies of the City of Wilmington.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Defendant repeats and realleges paragraphs 1-60 set out above.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Defendant repeats and realleges paragraphs 1-64 set out above.

66.     Admitted.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

68.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

69.    Denied; by way of further answer, vacancies for the position of Uniformed Operations Inspector have occurred more than two times.

70.    Admitted.

71.    Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Defendant repeats and realleges paragraphs 1-64 set out above.

76.    Admitted.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

78.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

79.    Denied; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

80.    Admitted.

81.    Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

82.    Denied.

83.    Denied.

84.    Denied as stated, but it is admitted that according to the Wilmington Police Department's 2006 Agency Demographics Report, there were 265 sworn male police officers and 26 sworn female officers.

85.    Admitted.

86.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, nor is the Defendant subject to an award of punitive damages.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Defendant City of Wilmington has not authorized or ratified any discriminatory actions in the appointment of Police Department Inspectors.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any discriminatory or retaliatory treatment, and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

The actions of Defendants are not an actual or proximate cause of any damage or harm suffered by Plaintiff.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part by the statute of limitations.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

The actions and conduct of the Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

WHEREFORE, Defendant demands that the Complaint be dismissed, with costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

__/s/ Teresa A. Cheek_____
Teresa A. Cheek, Esquire (No. 2657)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Counsel for Defendant City of Wilmington

Dated: January 29, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 06-256 (SLR) |
| | § | |
| JAMES M. BAKER, individually and in his | § | |
| official capacity as the Mayor of the City of | § | |
| Wilmington; and the CITY OF | § | |
| WILMINGTON, a municipal corporation, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## AMENDED ANSWER

Defendant James M. Baker ("Defendant") individually and in his official capacity hereby responds to the complaint filed by Plaintiff Captain Nancy S. Dietz ("Plaintiff") as follows:

1.     The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## I.     JURISDICTION

2.     The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## II.     THE PARTIES

3.     Admitted.

4.     Admitted that Defendant currently holds the office of Mayor of the City of Wilmington. The remaining allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

5.     Denied as stated because there is no legal entity called the "Mayor and City Council of Wilmington"; by way of further answer, it is admitted that there is a municipal

corporation called the City of Wilmington that is organized under the laws of the State of Delaware and the City of Wilmington maintains a police department.

### III.    FACTS GIVING RISE TO THE ACTION

### A.    PLAINTIFF'S QUALIFICATIONS

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    The allegations contained in the first sentence of this paragraph are admitted. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, therefore these allegations are denied.

11.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

12.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied, except that Defendant admits the following:

> Plaintiff has held, since 2005, the rank of Captain and the position of commanding officer of the Wilmington Police Department's Human Resources Division, where she was responsible for the Training Unit, the Police Academy, the Planning Unit, the Budget and Grant Unit, the Personnel Unit, the Accreditation Unit and the Range.

> From 2001 to 2005, Plaintiff held the rank of Captain and the position of commanding officer of the Office of Professional Standards, where she supervised the Investigators, the Court Liaison Officer and the Extra Job Coordinator.

> From 1997 to 2001, Plaintiff held the rank of Captain and was assigned to the Criminal Investigations Division.

From 1995 to 1997, Plaintiff held the rank of Lieutenant and was assigned to the Criminal Investigations Division.

From 1993 to 1995, Plaintiff held the rank of Lieutenant and was assigned to the Human Resources Division.

From 1991 to 1993, Plaintiff held the rank of Lieutenant.

From 1989 to 1991, Plaintiff held the rank of Sergeant.

From 1980 to 1989, Plaintiff held the position of Patrol Officer.

13.    Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, therefore these allegations are denied.

14.    Due to the vagueness of the allegations contained in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, therefore these allegations are denied, except that Defendant admits that Plaintiff's personnel file contains documents reflecting official commendations and expressions of gratitude for Plaintiff's services in her capacity as an officer of the Wilmington Police Department.

15.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

16.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

18.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

19.    Admitted.

## B.    THE QUOTA SYSTEM

20.    Denied.

21.    Admitted that Inspector is the second highest rank in the Police Department. Admitted that there are currently two Inspector positions in the Police Department: Inspector for Investigations Operations and Inspector for Uniformed Operations.    All allegations not specifically admitted in this paragraph are denied.

22.    Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington and he accepts comments, suggestions and recommendations from others, including the Chief of Police, when he appoints Inspectors.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Admitted.

29.    Admitted.

30.    Denied as stated; by way of further answer, it is admitted that Defendant appointed James Wright, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Stallings.

31.    Denied as stated; by way of further answer, it is admitted that Defendant appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

32.    Admitted.

33.    Denied.

34.    Denied.

35.    Admitted that Inspector Martin Donahue is white.    The remaining allegations contained in this paragraph are denied.

36.    Denied.

37.    Admitted that upon the retirement of James Wright from the position of Inspector for Uniformed Operations that position was vacant.    Admitted that Defendant met with Chief Szczerba regarding the appointment of a new Inspector for Uniformed Operations and admitted that Szczerba favored the appointment of Plaintiff to the vacant position.    All allegations not specifically admitted in this paragraph are denied.

38.    Denied as stated; by way of further answer, it is admitted that Defendant appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

39.    Admitted that Inspector Martin Donahue is white.    The remaining allegations contained in this paragraph are denied.

40.    Denied.

41.    Denied.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge contained in the first sentence of this

paragraph, therefore these allegations are denied. The remaining allegations contained in this paragraph are denied.

## E[sic]. DAMAGES

43.    Denied.

## IV.    ALLEGATIONS REGARDING THE DEFENDANTS' CONDUCT

44.    Denied.

45.    Denied.

46.    Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

47.    Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.


## COUNT I (Illegal Quota System)

61.    Defendant incorporates its responses set forth in paragraphs 1 through 60 as if fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

## COUNT II (Promotion, Race Discrimination)

### A.    Pretext Analysis

65.    Defendant incorporates its responses set forth in paragraphs 1 through 64 as if fully set forth herein.

66.    Admitted.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

68.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

69.    Denied as stated; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

70.    Admitted.

71.    Denied, except it is admitted that the two most recent appointments to the position of Inspector for Uniformed Operations have been African American males.

72.    Denied.

73.    Denied.

74.    Denied.

## Count III (Promotion, Sex Discrimination)

### A.    Pretext Analysis

75.    Defendant incorporates its responses set forth in paragraphs 1 through 74 as if fully set forth herein.

76.    Admitted.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

78.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

79.    Denied as stated; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

80.    Admitted.

81.    Denied, except it is admitted that the two most recent appointments to the position of Inspector for Uniformed Operations have been African American males.

82.    Denied.

83.    Denied.

84.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

85.    Admitted.

86.    Denied.

## AFFIRMATIVE DEFENSES

87.    Plaintiff has failed to state a claim on which relief can be granted.

88.    The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

89.    Plaintiff's claims are barred in whole or in part by the statute of limitations.

90.    Plaintiff's claims are barred in whole of in part by the doctrine of laches.

91.    Plaintiff is not entitled to punitive damages, nor is the Defendant subject to an award of punitive damages.

92.    Defendant's actions and conduct did not violate any clearly established constitutional or federal statutory rights of which the Defendant should have been reasonably aware, and he therefore is entitled to qualified immunity.

93.    Defendant's actions and conduct, to the extent they occurred as alleged, were undertaken in good faith performance of his official duties, without wantonness or malice, and were therefore privileged under applicable law.

94.    All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

95.    The actions of Defendants were not an actual or proximate cause of any damage or harm suffered by Plaintiff.

96.    The actions and conduct of the Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

97.    Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

WHEREFORE Defendant James M. Baker respectfully requests that Plaintiff Captain Nancy S. Dietz's complaint be dismissed in its entirety with prejudice and Defendant Baker be awarded costs, fees and such other and further relief as the Court deems appropriate.

LANDIS RATH & COBB LLP

Daniel B. Rath (#3022)
Rebecca L. Butcher (#3816)
919 Market Street, Suite 600
Wilmington, Delaware 19801
(302) 467-4400

Attorneys for James M. Baker, individually
and in his official capacity as Mayor of the
City of Wilmington

Dated: January 29, 2007