IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN NANCY S. DIETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-256-SLR |
| | ) |
| JAMES M. BAKER, individually and in his | ) JURY TRIAL DEMANDED |
| official capacity as the Mayor of the City of | ) |
| Wilmington; and the CITY OF | ) |
| WILMINGTON, a municipal corporation, | ) |
| | ) |
| Defendants. | ) |

**AMENDED ANSWER**

Defendant City of Wilmington ("the City"), by and through its undersigned counsel, hereby answers the Complaint as follows:

1.  This paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed required, the allegations in this paragraph are denied.

2.  This paragraph states a legal conclusion as to which no response is required.

3.  Admitted.

4.  Admitted that Defendant James M. Baker ("the Mayor") currently holds the office of Mayor of the City of Wilmington, Delaware. The remainder of this paragraph states a legal conclusion as to which no response is required. To the extent to which a response is deemed required, the allegations in this paragraph are denied.

5.  Denied as stated because there is no legal entity called the "Mayor and City Council of Wilmington"; by way of further answer, it is admitted that there is a municipal corporation called the City of Wilmington that is organized under the laws of the State of Delaware and that the City of Wilmington maintains a police department.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. The allegations included in the first sentence of this paragraph are admitted. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of this paragraph and therefore denies them.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied, except that Defendant admits the following:

- Plaintiff has been, since 2005, a Captain and the commanding officer of the Wilmington Police Department's Human Resources Division, where she was responsible for the Training Unit, the Police Academy, the Planning Unit, the Budget and Grant Unit, the Personnel Unit and the Accreditation Unit, and the Range.

- From 2001 to 2005, Plaintiff was a Captain and the commanding officer of the Office of Professional Standards, where she supervised the Investigators, the Court Liaison Officer and the Extra Job Coordinator.

- From 1997 to 2001, Plaintiff was a Captain and was assigned to the Criminal Investigations Division.

- From 1995 to 1997, Plaintiff was a Lieutenant and was assigned to the Criminal Investigations Division.

- From 1993 to 1995, Plaintiff was a Lieutenant and was assigned to the Human Resources Division.

- From 1991 to 1993, Plaintiff was a Lieutenant.

- From 1989 to 1991, Plaintiff was a Sergeant.

- From 1980 to 1989, Plaintiff was a Patrol Officer.

13. Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to their truth and therefore denies them.

14. Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to their truth and therefore denies them, except that Defendant admits that Plaintiff's personnel file includes records reflecting official commendations and expressions of gratitude for Plaintiff's services in her capacity as a member of the Wilmington Police Department.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

19. Admitted.

20. Denied.

21. Denied as stated; by way of further answer, it is admitted that Inspector is the second highest rank in the Police Department and that there are currently two Inspector positions in the Police Department: Inspector for Investigations Operations and Inspector for Uniformed Operations.

22. Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to and in accordance with the provisions of the Wilmington City Code and personnel policies of the City of Wilmington and he accepts comments, suggestions and recommendations from others, including the Chief of Police, when he appoints inspectors.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Denied as stated; by way of further answer, it is admitted that the Mayor appointed James Wright, who is an African-American male, to the position of Inspector for Uniformed Operations after the retirement of Inspector James Stallings.

31. Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

32. Admitted.

33. Denied.

34. Denied.

35. Denied, except that it is admitted that Inspector Martin Donohue is white.

36. Denied.

37. Denied, except it is admitted that upon the retirement of Inspector James Wright from the position of Inspector for Uniformed Operations that position was vacant, that the Mayor met with Chief Szczerba regarding the appointment of a new Inspector for Uniformed Operations, and that Chief Szczerba favored the appointment of Plaintiff to the vacant position.

38. Denied as stated; by way of further answer, it is admitted that the Mayor appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

39. Denied, except that it is admitted that Inspector Martin Donohue is white.

40. Denied.

41. Denied.

42. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph regarding Plaintiff's mental impressions, and therefore denies them; otherwise denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

47. Denied as stated; by way of further answer, the Mayor appoints Police Department Inspectors pursuant to the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendant repeats and realleges paragraphs 1-60 set out above.

62. Denied.

63. Denied.

64. Denied.

65. Defendant repeats and realleges paragraphs 1-64 set out above.

66. Admitted.

67.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

68.  Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

69.  Denied; by way of further answer, vacancies for the position of Uniformed Operations Inspector have occurred more than two times.

70.  Admitted.

71.  Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

72.  Denied.

73.  Denied.

74.  Denied.

75.  Defendant repeats and realleges paragraphs 1-64 set out above.

76.  Admitted.

77.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph and therefore denies them.

78.  Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

79.  Denied; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

80.  Admitted.

81. Denied, except it is admitted that the two individuals most recently appointed to the position of Inspector for Uniformed Operations were African-American males.

82. Denied.

83. Denied.

84. Denied as stated, but it is admitted that according to the Wilmington Police Department's 2006 Agency Demographics Report, there were 265 sworn male police officers and 26 sworn female officers.

85. Admitted.

86. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, nor is the Defendant subject to an award of punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant City of Wilmington has not authorized or ratified any discriminatory actions in the appointment of Police Department Inspectors.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any discriminatory or retaliatory treatment, and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

The actions of Defendants are not an actual or proximate cause of any damage or harm suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The actions and conduct of the Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

WHEREFORE, Defendant demands that the Complaint be dismissed, with costs assessed against Plaintiff.

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                __/s/_ Teresa A. Cheek_____
                Teresa A. Cheek, Esquire (No. 2657)
                Margaret M. DiBianca, Esquire (No. 4539)
                The Brandywine Building, 17th Floor
                1000 West Street, P.O. Box 391
                Wilmington, Delaware 19899-0391
                Telephone: (302) 571-6676
                Facsimile: (302) 576-3286
                Counsel for Defendant City of Wilmington

Dated: February 12, 2007