## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 06-256 (SLR) |
| | § | |
| JAMES M. BAKER, individually and in his | § | |
| official capacity as the Mayor of the City of | § | |
| Wilmington; and the CITY OF | § | |
| WILMINGTON, a municipal corporation, | § | |
| | § | |
| Defendants. | § | |

### AMENDED ANSWER

Defendant James M. Baker ("Defendant") individually and in his official capacity hereby responds to the complaint filed by Plaintiff Captain Nancy S. Dietz ("Plaintiff") as follows:

1.    The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### I.    JURISDICTION

2.    The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### II.    THE PARTIES

3.    Admitted.

4.    Admitted that Defendant currently holds the office of Mayor of the City of Wilmington. The remaining allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

5.    Denied as stated because there is no legal entity called the "Mayor and City Council of Wilmington"; by way of further answer, it is admitted that there is a municipal

corporation called the City of Wilmington that is organized under the laws of the State of Delaware and the City of Wilmington maintains a police department.

### III.    FACTS GIVING RISE TO THE ACTION

### A.    PLAINTIFF'S QUALIFICATIONS

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    The allegations contained in the first sentence of this paragraph are admitted. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, therefore these allegations are denied.

11.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

12.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied, except that Defendant admits the following:

> Plaintiff has held, since 2005, the rank of Captain and the position of commanding officer of the Wilmington Police Department's Human Resources Division, where she was responsible for the Training Unit, the Police Academy, the Planning Unit, the Budget and Grant Unit, the Personnel Unit, the Accreditation Unit and the Range.

> From 2001 to 2005, Plaintiff held the rank of Captain and the position of commanding officer of the Office of Professional Standards, where she supervised the Investigators, the Court Liaison Officer and the Extra Job Coordinator.

> From 1997 to 2001, Plaintiff held the rank of Captain and was assigned to the Criminal Investigations Division.

From 1995 to 1997, Plaintiff held the rank of Lieutenant and was assigned to the Criminal Investigations Division.

From 1993 to 1995, Plaintiff held the rank of Lieutenant and was assigned to the Human Resources Division.

From 1991 to 1993, Plaintiff held the rank of Lieutenant.

From 1989 to 1991, Plaintiff held the rank of Sergeant.

From 1980 to 1989, Plaintiff held the position of Patrol Officer.

13.    Due to the vagueness of the allegations in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, therefore these allegations are denied.

14.    Due to the vagueness of the allegations contained in this paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, therefore these allegations are denied, except that Defendant admits that Plaintiff's personnel file contains documents reflecting official commendations and expressions of gratitude for Plaintiff's services in her capacity as an officer of the Wilmington Police Department.

15.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

16.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

18.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, therefore these allegations are denied.

19.    Admitted.

## B.     THE QUOTA SYSTEM

20.     Denied.

21.     Admitted that Inspector is the second highest rank in the Police Department. Admitted that there are currently two Inspector positions in the Police Department: Inspector for Investigations Operations and Inspector for Uniformed Operations.     All allegations not specifically admitted in this paragraph are denied.

22.     Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington and he accepts comments, suggestions and recommendations from others, including the Chief of Police, when he appoints Inspectors.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Admitted.

29.     Admitted.

30.     Denied as stated; by way of further answer, it is admitted that Defendant appointed James Wright, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Stallings.

31.     Denied as stated; by way of further answer, it is admitted that Defendant appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

32.     Admitted.

33.     Denied.

34.     Denied.

35.     Admitted that Inspector Martin Donahue is white.  The remaining allegations contained in this paragraph are denied.

36.     Denied.

37.     Admitted that upon the retirement of James Wright from the position of Inspector for Uniformed Operations that position was vacant.  Admitted that Defendant met with Chief Szczerba regarding the appointment of a new Inspector for Uniformed Operations and admitted that Szczerba favored the appointment of Plaintiff to the vacant position.  All allegations not specifically admitted in this paragraph are denied.

38.     Denied as stated; by way of further answer, it is admitted that Defendant appointed Gilbert Howell, who is an African-American male, to the position of Inspector for Uniformed Operations following the retirement of Inspector James Wright.

39.     Admitted that Inspector Martin Donahue is white.  The remaining allegations contained in this paragraph are denied.

40.     Denied.

41.     Denied.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge contained in the first sentence of this

paragraph, therefore these allegations are denied.  The remaining allegations contained in this paragraph are denied.

### E[sic]. DAMAGES

43.   Denied.

### IV.   ALLEGATIONS REGARDING THE DEFENDANTS' CONDUCT

44.   Denied.

45.   Denied.

46.   Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

47.   Denied as stated; by way of further answer, the Mayor appoints Inspectors for the Police Department pursuant to and in accordance with the provisions of the Wilmington City Code and the personnel policies of the City of Wilmington.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT I (Illegal Quota System)

61.    Defendant incorporates its responses set forth in paragraphs 1 through 60 as if fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

### COUNT II (Promotion, Race Discrimination)

#### A.    Pretext Analysis

65.    Defendant incorporates its responses set forth in paragraphs 1 through 64 as if fully set forth herein.

66.    Admitted.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

68.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

69.    Denied as stated; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

70.    Admitted.

71.    Denied, except it is admitted that the two most recent appointments to the position of Inspector for Uniformed Operations have been African American males.

72.    Denied.

73.    Denied.

74.    Denied.

## Count III (Promotion, Sex Discrimination)

### A.    Pretext Analysis

75.    Defendant incorporates its responses set forth in paragraphs 1 through 74 as if fully set forth herein.

76.    Admitted.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

78.    Denied as stated; by way of further answer, it is admitted that Plaintiff expressed interest in appointment to the position of Inspector in October 2005 and that the Chief of Police suggested her appointment to the position of Inspector.

79.    Denied as stated; by way of further answer, vacancies for the position of Inspector for Uniformed Operations have occurred more than two times.

80.    Admitted.

81.    Denied, except it is admitted that the two most recent appointments to the position of Inspector for Uniformed Operations have been African American males.

82.    Denied.

83.    Denied.

84.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, therefore these allegations are denied.

85.    Admitted.

86.    Denied.

## AFFIRMATIVE DEFENSES

87.    Plaintiff has failed to state a claim on which relief can be granted.

88.    The actions and conduct of the Defendant do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by a federal statute.

89.    Plaintiff's claims are barred in whole or in part by the statute of limitations.

90.    Plaintiff's claims are barred in whole of in part by the doctrine of laches.

91.    Plaintiff is not entitled to punitive damages, nor is the Defendant subject to an award of punitive damages.

92.    Defendant's actions and conduct did not violate any clearly established constitutional or federal statutory rights of which the Defendant should have been reasonably aware, and he therefore is entitled to qualified immunity.

93.    Defendant's actions and conduct, to the extent they occurred as alleged, were undertaken in good faith performance of his official duties, without wantonness or malice, and were therefore privileged under applicable law.

94.    All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

95.    The actions of Defendants were not an actual or proximate cause of any damage or harm suffered by Plaintiff.

96.     The actions and conduct of the Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

97.     Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

WHEREFORE Defendant James M. Baker respectfully requests that Plaintiff Captain Nancy S. Dietz's complaint be dismissed in its entirety with prejudice and Defendant Baker be awarded costs, fees and such other and further relief as the Court deems appropriate.

LANDIS RATH & COBB LLP

Daniel B. Rath (#3022)
Rebecca L. Butcher (#3816)
919 Market Street, Suite 600
Wilmington, Delaware 19801
(302) 467-4400

Attorneys for James M. Baker, individually
and in his official capacity as Mayor of the
City of Wilmington

Dated: February 14, 2007

## CERTIFICATE OF SERVICE

I, Rebecca L. Butcher, Esquire hereby certify that on this 14th day of February 2007, a true and correct copy of the foregoing AMENDED ANSWER was caused to be served on the following in the manner indicated:

BY HAND-DELIVERY

Thomas S. Neuberger, Esquire
The Neuberger Firm, P.A.
2 East Seventh Street, Suite 302
Wilmington, DE 19801-3707

BY HAND-DELIVERY

Teresa Ann Cheek, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Rebecca L. Butcher, Esquire (#3816)

572.001-15494.DOC