**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CAPTAIN NANCY S. DIETZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MAYOR JAMES M BAKER,** | : | **C.A.No. 06-256-SLR** |
| **individually and in his official capacity** | : | |
| **as the Mayor of the City of Wilmington,** | : | |
| **and the CITY OF WILMINGTON, a** | : | |
| **municipal corporation,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**PLAINTIFF CAPTAIN NANCY DIETZ'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS PURSUANT TO FED. R. CIV. P. 37**</u>

1.   This action was filed on April 20, 2006.  (D.I. 1).

2.   Trial is set to begin on February 11, 2008.  (D.I. 33).  The Discovery cut-off is May 25, 2007.  (D.I. 13).

3.   This is a promotion case by a white female captain challenging the promotion of a black male to the rank of inspector in the Wilmington Police Department.  Defendants claim the comparator was more qualified than plaintiff.  Plaintiff asserts this is a pretext in this credibility case since plaintiff's qualifications plainly exceed those of the comparator and there is an overabundance of evidence that defendants are prevaricating in this regard.

4.   Plaintiff served her First Set of Request for Production of Documents (attached as Exhibit "A") on October 13, 2006.  (D.I. 35).   Defendant City of Wilmington ("Defendant") filed its Responses to Plaintiff's First Request For Production of Documents (attached as Exhibit "B") on November 12, 2006.  (D.I. 45).

5.  Plaintiff served her Second Set of Requests for Production of Documents (attached as Exhibit "C") on March 14, 2007.  (D.I. 35).   Defendant City of Wilmington ("Defendant") filed its Responses to Plaintiff's Second Request For Production of Documents (attached as Exhibit "D") on April 13, 2007.  (D.I. 45).

## Production of Medical Records for Qualification and Impeachment Purposes

6.  One reason the comparator was less qualified than plaintiff was because of his chronic attendance problems, including many weeks and months of absences over several years.  Under seal and subject to the Amended Stipulation and Order Regarding Confidentiality of Discovery Material (D.I. 24), at his deposition the comparator was questioned about the reasons for his absences which he indicated were related to certain health and personal issues. (Howell Deposition, 87:7 through 96:20) (relevant excerpts attached as sealed Exhibit "E").

7.  Plaintiff seeks this comparator's medical records for two reasons.[1]  First, they are relevant to prove that plaintiff was more qualified for the position because she actually showed up for work on a regular and consistent basis whereas the comparator did not.   Thus, medical records from 1998 to 2003 are relevant to demonstrate that comparator is less qualified since he had long term fitness for duty health issues and plaintiff did not.

8.  Next, plaintiff also seeks these comparator records to impeach the reasons he gave at his deposition and attack his credibility as a witness.  (See Plaintiff's First Request for Production of Documents, #10, and Plaintiff's Second Request for Production of Documents,

---

[1]  Defense concerns about confidentiality of these medical records are quickly addressed by the very broad protective order the defense insisted upon and drafted for use in this case which explicitly covers medical records.  (D.I. 24 at 2).  The comparator also freely testified under seal at his deposition about his health issues and he did not object to the inquiry.

#1).

9.  Defendant contends all this is irrelevant.

10.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  As the Third Circuit has noted in the police discrimination context, "Rule 401 does not raise a high standard." Hurley v. Atlantic City Police Dept., 174 F.3d 95, 109-110 (3d Cir. 1999).  "[E]vidence is irrelevant only when it has no tendency to prove [a consequential fact]." Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994). Thus the rule, "while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant." Id.

11.  As discussed above, the consequential facts include the comparator's qualifications for the position at issue in this case.  By claiming that he was more qualified than plaintiff, defendants have squarely put his qualifications for the job at issue.

12.  "The minimum qualification for any job is that an employee show up to work." Black v. Runyon, 2000 WL 254669, *5 (N.D.Ohio Jan. 4, 2000).  This should be a self evident proposition, all the more so given the unique status held by police as public employees because they "work in a heavily regulated industry that is intertwined with the important social function of protecting and promoting public safety." Wilcher v. City of Wilmington, 60 F.Supp.2d 298, 304 (D.Del. 1999).  A police officer who does not show up for work simply fails to meet the minimum qualifications for the job he presently holds and, *a fortiori*, this certainly does not establish the officer's qualifications to be promoted to a higher, more important position with even more job responsibilities with an even greater day to day impact on protecting and

promoting public safety.

13.  Accordingly, the defense claim of the comparator's superior qualifications is impeached by this evidence and a reasonable jury could conclude that such a claim is a pretext for intentional discrimination because of race.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000) (it is a "general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt."); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1069 (3d Cir. 1996) (en banc) ("[r]esort to a pretextual explanation is, like flight from the scene of a crime, evidence indicating consciousness of guilt, which is, of course, evidence of illegal conduct.").

14.  Additionally, witness credibility is always a relevant issue in a case.  Evidence that the comparator is lying under oath about the reasons for his missing many months of work is plainly relevant to attacking and impeaching his credibility and veracity as a witness.

15.  Additionally, given that WPD regulations have long required officers to be "truthful and forthright at all times" under penalty of dismissal, see Gibson v. Mayor and Council of City of Wilmington, 355 F.3d 215, 218 (3d Cir. 2004), this evidence also is relevant to determining, whether  defendants violated their own procedures, which would be further evidence that improper purposes (i.e. race or sex) are playing a role in the process.  See, e.g. Village of Arlington Heights v. Metropolitan Hous. Develop. Corp., 429 U.S. 252, 267 (1977); Stewart v. Rutgers, the State Univ., 120 F.3d 426, 434 (3d Cir. 1997).  Thus, the defense objections here also are without merit.

### E-Mail for Six Months Prior to the Second Promotion

16.  Defendants also object to plaintiff's request for all electronic communications

-4-

between the Mayor's two top aides (William Montgomery and James Mosley) and the comparator from July 1, 2005 through December 31, 2005 (see Plaintiff's Second Request for Production of Documents, # 3).

17.   The Mayor made the promotion but claims that he does not use e-mail.  However, his two top aides do use e-mail.  Accordingly, plaintiff seeks any e-mail between those two top aides on any subject which mentions the comparator so plaintiff can determine the extent that race played a role in the process.  Yet the defense says this is overbroad.

18.   This request is neither overbroad nor burdensome.  Whether any e-mail in the crucial six month period leading up to the challenged promotion relates to this case should not be screened by defense counsel through a jaded lense but instead should be viewed by plaintiff and her counsel.  Only they will know whether it has any evidentiary value or impact on this discrimination case.

19.   Again, there is a broad protective order in place that resolves all confidentiality concerns, and the time period is carefully crafted.

## The Psychological File

20.   Plaintiff also requested comparator's psychological file on three separate occasions to determine his qualifications, including his very fitness for duty to serve as an officer, in light of his medical and many other problems that his personnel file has revealed.  (See Plaintiff's First Request for Production of Documents, # 9; Howell Deposition at 72:23-73:20; and e-mail on 4/5/07 from Thomas S. Neuberger to Teresa Cheek which is attached hereto as Exhibit "F").  Although Defendants did not object on any ground, the file still has not been produced.

## Conclusion

21.  Despite repeated requests and e-mails, the discovery discussed above is still outstanding.  (See Exhibit "F" for copies of e-mail correspondence on these issues).

22.  Accordingly, Plaintiff Moves for an order compelling Defendants to produce all of the above outstanding discovery forthwith.

23.  Plaintiff waives an opening brief in support of this motion.

## LOCAL RULE 7.1.1 CERTIFICATION

Counsel certifies that he or his co-counsel have contacted defense counsel repeatedly about these issues and of plaintiff's intent to seek redress with the Court if the discovery rules were not complied with.  Defendants nevertheless refused to produce the relevant discovery.

THE NEUBERGER FIRM, P.A.

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: May 11, 2007                    Attorneys for Plaintiff

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN NANCY S. DIETZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MAYOR JAMES M BAKER,** | : | **C.A.No.06-256-SLR** |
| **individually and in his official capacity** | : | |
| **as the Mayor of the City of Wilmington,** | : | |
| **and MAYOR AND COUNCIL OF** | : | |
| **WILMINGTON,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Plaintiff hereby requests that the Defendants produce for inspection and copying, at the office of Plaintiff's counsel, Two East Seventh Street, Suite 302, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below which are in the possession, custody, or control of the Defendants.

Documents withheld from production on grounds of privilege or work product should be identified.

Documents normally kept at the Defendants' place of business may be produced at that place of business. Please organize and label the documents to correspond with the categories in this request. Plaintiffs' attorney will designate the documents to be copied or reproduced. Plaintiffs' attorney will pay for the cost of reproduction.

-1-

## DEFINITIONS

1.    The term "document" or "documents" includes the following:

A.    Anything within the scope of Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, including without limitation all writings, drawings, graphs, charts, photographs, phono records, emails and other data compilations from which information can be obtained, translated, if necessary through detection devices into reasonably usable form, all tangible things, whether handwritten, typed, printed, or otherwise reproduced, including but not limited to letters, cables, wires, memoranda, books, manuals, instructions, electronic mail (e-mail), text messages, contracts and inter-office communications; computer code books, accounting forms, reports, notes, minutes and recordings, drawings, blue prints, sketches, charts, assignments, contracts, agreements, expense reports, financial reports, bills, accounts, estimates, work sheets (an all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing, as well as any attachments or appendices thereto), working papers, records, notices, confirmations, telegrams, receipts, appraisals, computer printouts, teletypes, invoices, analysis returns and other official documents and legal materials; minutes of meetings of any group, board, executive, management or other committee of any nature whatsoever, inter and intra-office memoranda, comments, work sheets, minutes, notes, summaries or other written reports of conferences, meetings, visits, surveys, inspections or telephone conversations, diaries and desk calendars, correspondence, stenographic notes, transcripts of verbal testimony statements, notations of any type of conversations, and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiches, microfilm, videotape, recordings, DVD, and motion pictures); newspaper articles, bulletins, printed matter, pamphlets and magazines; copies of speeches; print-outs or

other stored information from computers or other information retrieval system; and any other written, printed, recorded or graphic matter; photographic matter or sound reproduction, however produced or reproduced; and data complications and storage media, including but not limited to computer material, from which information can be obtained through detection devices into reasonably usable form, and published material of any kind, which is in the possession, custody, or control of any defendant anywhere, whether a copy or an original, wherever located.

B.     In addition to the definition for document or documents identified in 1(A) above, the term "document" or "documents" includes anything that was transmitted and/or stored (temporarily or permanently) on the mail server(s) for the City of Wilmington or the Wilmington Police Department and/or that currently exists as stored data on any form of media, whether stored in back up form or otherwise on tapes, cassettes, CDs, hard-drives, floppy diskettes, hard diskettes, or otherwise - whether on site or off site.   The mail servers as described above include, but are not limited to, the following:

1.     Outlook Web Mailer Server

2.     Any email server, computer, or hard-drive used by defendant James Baker both at work and at home during the applicable period and regarding the applicable item(s).

Such email is to be provided in ASCII format and in hard copy, and all attachments are to be included.

2.     The term "you" or "your" applies to all defendants.

3.     Where one writing is responsive to more than one item, only one copy need be produced.

4.     These requests for production of documents are to be considered by you as

-3-

continuing, and you are requested to produce on a supplementary basis any documents subsequently identified or obtained by any defendant which falls within the requests made herein. The supplementary production is to be provided to Plaintiff's counsel as soon as it becomes known to you or to your counsel and in all events before trial.

## SPECIFIC REQUESTS

1.    All documents that refer or relate to the denial in your Answer of the allegations of the Complaint as stated in paragraphs 8-19, 67 and 77, including all documents that relate to any facts upon which said denial is based, and all documents which in any way record or refer to such facts.

2.    All documents that refer or relate to the City Code and personnel policies of the City of Wilmington which the Mayor allegedly follows as stated in your Answer found in paragraphs 22 and 46-47.

3.    All documents that refer or relate to the denial in your Answer of the allegations of the Complaint as stated in paragraphs 44-46, including all documents that relate to any facts upon which said denial is based, and all documents which in any way record or refer to such facts.

4.    All documents that refer or relate to Gilbert Howell's attendance record since 1998, including vacation and/or sick days or excused or unexcused absences which he has taken.

5.    All documents that refer or relate to the denial in your Answer of the allegations

-4-

of the Complaint as stated in paragraph 71 that Gilbert Howell suffers from a chronic absentee problem.

6.     All documents that refer or relate to the denial in your Answer of the allegations of the Complaint as stated in paragraph 84, including all documents that relate to any facts upon which said denial is based, and all documents which in any way record or refer to such facts.

7.     All documents that refer or relate to any claim that Gilbert Howell or his predecessor, James Wright, were more qualified than Capt. Dietz for the promotions at issue in this case.

8.     All documents in your possession, custody, or control that refer or relate to any Rule 12(b) defenses which you have raised, any facts pleaded in your Answer, or any affirmative defenses raised in your Answer, including but not limited to the following:

(a).  All documents that refer or relate to the Defendants' affirmative defense, that the City of Wilmington has not authorized or ratified any discriminatory actions.

(b).  All documents that refer or relate to the Defendants' affirmative defense, that they exercised reasonable care to prevent discrimination.

(c).  All documents that refer or relate to the Defendants' affirmative defense that Plaintiff's claims are barred in whole or in part by the statute of limitations.

(d).  All documents that refer or relate to the Defendants' affirmative defense that the Plaintiff's claims are barred in whole or in part by the doctrine of laches.

(e).  All documents that refer or relate to the Defendants' affirmative defense that

-5-

their actions and conduct were consistent with the City of Wilmington's equal employment opportunity policy.

(f).  All documents that refer or relate to the Defendants' affirmative defense that they acted in good faith, without wantonness or malice, and that their actions are allegedly privileged.

(g).  All documents that refer or relate to the Defendants' affirmative defense that Plaintiff fails to state a claim upon which relief may be granted.


9.    The WPD's entire employee personnel file for each of the following Wilmington Police officers, (including without limitation, salary history, performance record, attendance record, job evaluations, appraisals, reprimands, warnings, promotions, job transfers and job applications), including all separate medical files whatsoever, unofficial files, and personal files of supervisors.

- Inspector Gilbert Howell
- Captain Nancy S. Dietz
- Inspector James Wright, retired


10.    The City of Wilmington's Personnel Department's entire employee personnel file for each of the following Wilmington Police officers, (including without limitation, salary history, performance record, attendance record, job evaluations, appraisals, reprimands, warnings, promotions, job transfers and job applications), including all separate medical files whatsoever, unofficial files, and personal files of supervisors.

- Inspector Gilbert Howell
- Captain Nancy S. Dietz
- Inspector James Wright, retired

11.     The entire employee "substantiated file" contained in the Office of Professional Standards of the WPD for each of the following Wilmington Police officers.

- Inspector Gilbert Howell
- Captain Nancy S. Dietz
- Inspector James Wright, retired

12.     The Chief of Police, Michael Szczerba's personal file which refers or relates to Inspector Gilbert Howell.

13.     The Director of Public Safety, James Mosely's, personal file which refers or relates to Inspector Gilbert Howell.

14.     All documents that refer or relate to all promotions made by Chief Szczerba to the rank of Inspector from 2000 to the present date.

15.     All documents that refer or relate to any denial in your Answer of any allegation of the Complaint, all documents that relate to any facts upon which said denial is based, and all documents which in any way record or refer to such facts.

16.    All documents identified by defendants in their Rule 26 disclosures.

17.    The current curriculum vitae, resume, or list of qualifications of and all employment agreements, correspondence, and other documents relating to any person, corporation, or entity retained by the Defendants to act as an expert witness, advisor, or consultant in the above-entitled proceeding.

18.    All reports, studies, and other commentaries, formal or informal, of any expert witness, consultant, or advisor retained by the Defendants in this case.

19.    The report and entire file of any and all expert witnesses that you intend to call to testify at the trial of this matter.

20.    All documents governing the Defendant employer that refer or relate to personnel practices and policies in effect from January 1, 2000 to the present, including but not limited to personnel manuals, policies or guidelines, employee handbooks, supervisory manuals or memoranda, and similar documents, governing the Wilmington Police Department.

21.    All documents that relate or refer to the compensation, pension and benefits which an Inspector receives from January 2000 to the present..

22.    All pension or other benefit plans and descriptive brochures describing any

retirement benefits which an Inspector receives from January 2000 to the present.

23.    All documents, writings, or other memoranda describing fringe or other benefits which an Inspector receives from January 2000 to the present..

24.    All documents upon which Defendant relies in support of its defense to Plaintiff's claims for damages, and all other documents that refer or relate to Plaintiff's claims for damages.

25.    All documents in your possession, custody, or control, reasonably likely to bear significantly on the claims or defenses asserted in this case, and that are not otherwise protected from discovery as privileged, or as trial preparation materials, or which may be subject to a protective order under Fed.R.Civ.P. 26(c), relating to the facts alleged in the Complaint or in your Answer.

26.    The entire hard-drive and/or all backup tapes, CDs, diskettes, or any other media for any computer used by defendant Mayor James Baker concerning his job, from January 1, 2000 to the present, including but not limited to hard-drives, backup tapes, CDs, text messages, diskettes, or any other media from his personally owned desktop and laptop computers used at his residence or elsewhere by him.

27.    All documents (including but not limited to any mail server documents as defined by Section 1(B) of the Definitions and Instructions) created from January 1, 2000 to the present

in your possession, custody, or control that refer or relate in any way to the promotion of Gilbert Howell to Inspector.

28.    All documents (including but not limited to any mail server documents as defined by Section 1(B) of the Definitions and Instructions) created from January 1, 2000 to the present in your possession, custody, or control that refer or relate in any way to the promotion of James Wright to Inspector.

29.    All documents identified in your Answers to Plaintiff's First Set of Interrogatories directed to the Defendants.

THE NEUBERGER FIRM, P.A.

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQUIRE (#243)**
**STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: October 13, 2006                Attorneys for Plaintiff

Dietz / Pleadings-drafts / Document Production / Dietz - First RFP.final

-10-

# EXHIBIT
# B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAPTAIN NANCY S. DIETZ,                )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )   C.A. No. 06-256
                                       )
JAMES M. BAKER, et al.                 )   JURY TRIAL DEMANDED
                                       )
            Defendants.                )
                                       )

## DEFENDANT CITY OF WILMINGTON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant City of

Wilmington, by its undersigned attorneys, hereby answers and serves the following answers to

Plaintiff's First Set of Interrogatories.

        1.      All documents that refer or relate to the denial in your Answer of the allegations
of the Complaint as stated in paragraphs 8-19, 67 and 77, including all documents that relate to
any facts upon which said denial is based, and all documents which in any way record or refer to
such facts.

        **RESPONSE:** Objection. This interrogatory does not conform to the requirement of Fed.

R. Civ. P. 34(b) that document requests describe the documents sought "with reasonable

particularity." Without prejudice to this objection, see D02569-2574, D02720-2748, D03169.

        2.      All documents that refer or relate to the City Code and personnel policies of the
City of Wilmington which the Mayor allegedly follows as stated in your Answer found in
paragraphs 22 and 46-47.

        **RESPONSE:** Objection. The answer does not allege that the Mayor "follows" or

"followed" the City Code or personnel policies. Without prejudice to this objection, see

Wilmington City Code § 1-103 (P023-24); Wilmington City Code § 2-339(e)(2) (P048);

Wilmington City Code § 2-339(h)(4) (P049, P084); Wilmington City Code § 3-102 (P027-28);

Wilmington City Code § 3-303 (P029); Wilmington City Code § 3-404; Wilmington City Code §

3-701 (P032); Wilmington City Code § 3-702 (P032); Wilmington City Code § 4-200;

Wilmington City Code § 7-101; Wilmington City Code § 7-204 (P039); Wilmington City Code §

9-209 (P041); City of Wilmington EEO Affirmative Action Plan (P055-070, D00850-869,

D00871-889); City of Wilmington Executive Order Policy Statement (P079, D00843, D00870);

City of Wilmington Personnel Policy 101.1 (D00844-849).

     3.    All documents that refer or relate to the denial in your Answer of the allegations of the Complaint as stated in paragraphs 44-46, including all documents that relate to any facts upon which said denial is based, and all documents which in any way record or refer to such facts.

     **RESPONSE:** See Wilmington City Code § 1-103 (P023-24); Wilmington City Code § 2-

339(e)(2) (P048); Wilmington City Code § 2-339(h)(4) (P049, P084); Wilmington City Code §

3-102 (P027-28); Wilmington City Code § 3-303 (P029); Wilmington City Code § 3-404;

Wilmington City Code § 3-701 (P032); Wilmington City Code § 3-702 (P032); Wilmington City

Code § 4-200; Wilmington City Code § 7-101; Wilmington City Code § 7-204 (P039);

Wilmington City Code § 9-209 (P041); City of Wilmington EEO Affirmative Action Plan

(P055-070, D00850-869, D00871-889); City of Wilmington Executive Order Policy Statement

(P079, D00843, D00870); City of Wilmington Personnel Policy 101.1 (D00844-849).

     4.    All documents that refer or relate to Gilbert Howell's attendance record since 1998, including vacation and/or sick days or excused or unexcused absences which he has taken.

     **RESPONSE:** See D02033 - D02170, D01788, D01792-1799, D01837-1864, D01871-

1879, D01926-1956, D02173-2183, D03045-3151.

     5.    All documents that refer or relate to the denial in your Answer of the allegations of the Complaint as stated in paragraph 71 that Gilbert Howell suffers from a chronic absentee problem.

**RESPONSE:** See D02033 - D02170, D01788, D01792-1799, D01837-1864, D01871-1879, D01926-1956, D02173-2183, D03051.

6.  All documents that refer or relate to the denial in your Answer of the allegations of the Complaint as stated in paragraph 84, including all documents that relate to any facts upon which said denial is based, and all documents which in any way record or refer to such facts.

**RESPONSE:** Defendant was unable to either admit or deny the allegations in paragraph 84 because of the failure of Plaintiff to specify time period to which she was referring and cannot provide a response to this request for the same reason.

7.  All documents that refer or relate to any claim that Gilbert Howell or his predecessor, James Wright, were more qualified than Capt. Dietz for the promotions at issue in this case.

**RESPONSE:** See D01466-1789, D01838-1879, D01926-1956, D02171-2172, D02184-2216,

8.  All documents in your possession, custody, or control that refer or relate to any Rule 12(b) defenses which you have raised, any facts pleaded in your Answer, or any affirmative defenses raised in your Answer, including but not limited to the following:

a.  All documents that refer or relate to the Defendants' affirmative defense, that the City of Wilmington has not authorized or ratified any discriminatory actions.

b.  All documents that refer or relate to the Defendants' affirmative defense, that they exercised reasonable care to prevent discrimination.

c.  All documents that refer or relate to the Defendants' affirmative defense that Plaintiff's claims are barred in whole or in part by the statute of limitations.

d.  All documents that refer or relate to the Defendants' affirmative defense that the Plaintiff's claims are barred in whole or in part by the doctrine of laches.

e.  All documents that refer or relate to the Defendants' affirmative defense that their actions and conduct were consistent with the City of Wilmington's equal employment opportunity policy.

f.  All documents that refer or relate to the Defendants' affirmative defense that they acted in good faith, without wantonness or malice, and that their actions are allegedly privileged.

g.      All documents that refer or relate to the Defendants' affirmative defense that Plaintiff fails to state a claim upon which relief may be granted.

**RESPONSE:** See Response to Interrogatory No. 4.

9.      The WPD's entire employee personnel file for each of the following Wilmington Police officers, (including without limitation, salary history, performance record, attendance record, job evaluations, appraisals, reprimands, warnings, promotions, job transfers and job applications), including all separate medical files whatsoever, unofficial files, and personal files of supervisors.

- Inspector Gilbert Howell

- Captain Nancy S. Dietz

- Inspector James Wright, retired

**RESPONSE:**

a.      Gilbert Howell: D01473-2240.

b.      Nancy Dietz: D02241-2719.

c.      James Wright: D00890-1464.


10.     The City of Wilmington's Personnel Department's entire employee personnel file for each of the following Wilmington Police officers, (including without limitation, salary history, performance record, attendance record, job evaluations, appraisals, reprimands, warnings, promotions, job transfers and job applications), including all separate medical files whatsoever, unofficial files, and personal files of supervisors.

- Inspector Gilbert Howell

- Captain Nancy S. Dietz

- Inspector James Wright, retired

**RESPONSE:**

a.      Gilbert Howell: D03004-3143.

b.      Nancy Dietz: D02854-3003.

c.      James Wright: D02749-2853.

11.     The entire employee "substantiated file" contained in the Office of Professional Standards of the WPD for each of the following Wilmington Police officers.

- Inspector Gilbert Howell

- Captain Nancy S. Dietz

- Inspector James Wright, retired

**RESPONSE:**

a.    Gilbert Howell: D00001-D00320.

b.    Nancy Dietz: D02720-D2746.

c.    James Wright: D00321-764.

12.    The Chief of Police, Michael Szczerba's personal file which refers or relates to Inspector Gilbert Howell.

**RESPONSE:** See D02173-2181, D0346-3151.

13.    The Director of Public Safety, James Mosely's, [sic] personal file which refers or relates to Inspector Gilbert Howell.

**RESPONSE:** Defendant has not located any responsive documents.

14.    All documents that refer or relate to all promotions made by Chief Szczerba to the rank of Inspector from 2000 to the present date.

**RESPONSE:** Objection. This request seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

15.    All documents that refer or relate to any denial in your Answer of any allegation of the Complaint, all documents that relate to any facts upon which said denial is based, and all documents which in any way record or refer to such facts.

**RESPONSE:** See Defendant's Answers to Plaintiff's First Set of Interrogatories.

16.    All documents identified by defendants in their Rule 26 disclosures.

**RESPONSE:** Documents have been produced.

17.    The current curriculum vitae, resume, or list of qualifications of and all employment agreements, correspondence, and other documents relating to any person, corporation, or entity retained by the Defendants to act as an expert witness, advisor, or consultant in the above-entitled proceeding.

**RESPONSE:** Defendant has not yet retained an expert witness, advisor or consultant.

DB02:5603415.1

065366.1001

18.    All reports, studies, and other commentaries, formal or informal, of any expert witness, consultant, or advisor retained by the Defendants in this case.

RESPONSE: Defendant has not yet retained an expert witness, advisor or consultant.


19.    The report and entire file of any and all expert witnesses that you intend to call to testify at the trial of this matter.

RESPONSE: Defendant has not yet retained an expert witness.

20.    All documents governing the Defendant employer that refer or relate to personnel practices and policies in effect from January 1, 2000 to the present, including but not limited to personnel manuals, policies or guidelines, employee handbooks, supervisory manuals or memoranda, and similar documents, governing the Wilmington Police Department.

RESPONSE: Objection. This request seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving such objection, see Wilmington City Code § 1-103

(P023-24); Wilmington City Code § 2-339(e)(2) (P048); Wilmington City Code § 2-339(h)(4)

(P049, P084); Wilmington City Code § 3-102 (P027-28); Wilmington City Code § 3-303 (P029);

Wilmington City Code § 3-404; Wilmington City Code § 3-701 (P032); Wilmington City Code §

3-702 (P032); Wilmington City Code § 4-200; Wilmington City Code § 7-101; Wilmington City

Code § 7-204 (P039); Wilmington City Code § 9-209 (P041); City of Wilmington EEO

Affirmative Action Plan (P055-070, D00850-869, D00871-889); City of Wilmington Executive

Order Policy Statement (P079, D00843, D00870); City of Wilmington Personnel Policy 101.1

(D00844-849); Collective Bargaining Agreement (D00765-789).

21.    All documents that relate or refer to the compensation, pension and benefits which an  Inspector receives from January 2000 to the present.

RESPONSE: Objection. This request is seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection, see D00765-789, P102, P103, P129-132,

P133-135, P136-138, P139-145, P146, P147-156, P157-167.

22.    All pension or other benefit plans and descriptive brochures describing any retirement benefits which an Inspector receives from January 2000 to the present.

**RESPONSE:** Objection. This request seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection, see D00765-789, P102, P103, P129-132,

P133-135, P136-138, P139-145, P146, P147-156, P157-167.

23.    All documents, writings, or other memoranda describing fringe or other benefits which an Inspector receives from January 2000 to the present.

**RESPONSE:** Objection. This request seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection, see D00765-789, P102, P103, P129-132,

P133-135, P136-138, P139-145, P146, P147-156, P157-167.

24.    All documents upon which Defendant relies in support of its defense to Plaintiff's claims for damages, and all other documents that refer or relate to Plaintiff's claims for damages.

**RESPONSE:** Responsive documents have not yet been identified.

25.    All documents in your possession, custody, or control, reasonably likely to bear significantly on the claims or defenses asserted in this case, and that are not otherwise protected from discovery as privileged, or as trial preparation materials, or which may be subject to a protective order under Fed.R.Civ.P. 26(c), relating to the facts alleged in the Complaint or in your Answer.

**RESPONSE:** Objection. This interrogatory does not conform to the requirement of Fed.

R. Civ. P. 34(b) that document requests describe the documents sought "with reasonable

particularity." In addition, this request seeks information that is protected by attorney work

product privilege.

DB02:5603415.1                          065366.1001

26.    The entire hard-drive and/or all backup tapes, CDs, diskettes, or any other media for any computer used by defendant Mayor James Baker concerning his job, from January 1, 2000 to the present, including but not limited to hard-drives, backup tapes, CDs, text messages, diskettes, or any other media from his personally owned desktop and laptop computers used at his residence or elsewhere by him.

RESPONSE: Mayor James Baker does not use a computer either at work or at his

residence for any work-related matters.

27.    All documents (including but not limited to any mail server documents as defined by Section 1(B) of the Definitions and Instructions) created from January 1, 2000 to the present in your possession, custody, or control that refer or relate in any way to the promotion of Gilbert Howell to Inspector.

RESPONSE: Defendant has been unable to locate any responsive documents.

28.    All documents (including but not limited to any mail server documents as defined by Section 1(B) of the Definitions and Instructions) created from January 1, 2000 to the present in your possession, custody, or control that refer or relate in any way to the promotion of James Wright to Inspector.

RESPONSE: Defendant has been unable to locate any responsive documents.

29.    All documents identified in your Answers to Plaintiff's First Set of Interrogatories directed to the Defendants.

RESPONSE: The documents have been produced.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ Teresa A. Cheek
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Counsel for Defendant City of Wilmington

Dated: March 2, 2007

DB02:5603415.1                                                                                065366.1001

# EXHIBIT
# C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN NANCY S. DIETZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MAYOR JAMES M BAKER,** | : | **C.A.No.06-256-SLR** |
| **individually and in his official capacity** | : | |
| **as the Mayor of the City of Wilmington,** | : | |
| **and the CITY OF WILMINGTON, a** | : | |
| **municipal corporation,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Plaintiff hereby requests that the Defendants produce for inspection and copying, at the office of Plaintiff's counsel, Two East Seventh Street, Suite 302, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below which are in the possession, custody, or control of the Defendants.

Documents withheld from production on grounds of privilege or work product should be identified.

Documents normally kept at the Defendants' place of business may be produced at that place of business. Please organize and label the documents to correspond with the categories in this request. Plaintiff's attorney will designate the documents to be copied or reproduced. Plaintiff's attorney will pay for the cost of reproduction.

-1-

## DEFINITIONS

1.    The term "document" or "documents" includes the following:

    A.    Anything within the scope of Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, including without limitation all writings, drawings, graphs, charts, photographs, phono records, emails and other data compilations from which information can be obtained, translated, if necessary through detection devices into reasonably usable form, all tangible things, whether handwritten, typed, printed, or otherwise reproduced, including but not limited to letters, cables, wires, memoranda, books, manuals, instructions, electronic mail (e-mail), text messages, contracts and inter-office communications; computer code books, accounting forms, reports, notes, minutes and recordings, drawings, blue prints, sketches, charts, assignments, contracts, agreements, expense reports, financial reports, bills, accounts, estimates, work sheets (an all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing, as well as any attachments or appendices thereto), working papers, records, notices, confirmations, telegrams, receipts, appraisals, computer printouts, teletypes, invoices, analysis returns and other official documents and legal materials; minutes of meetings of any group, board, executive, management or other committee of any nature whatsoever, inter and intra-office memoranda, comments, work sheets, minutes, notes, summaries or other written reports of conferences, meetings, visits, surveys, inspections or telephone conversations, diaries and desk calendars, correspondence, stenographic notes, transcripts of verbal testimony statements, notations of any type of conversations, and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiches, microfilm, videotape, recordings, DVD, and motion pictures); newspaper articles, bulletins, printed matter, pamphlets and magazines; copies of speeches; print-outs or

-2-

other stored information from computers or other information retrieval system; and any other

written, printed, recorded or graphic matter; photographic matter or sound reproduction, however

produced or reproduced; and data complications and storage media, including but not limited to

computer material, from which information can be obtained through detection devices into

reasonably usable form, and published material of any kind, which is in the possession, custody,

or control of any defendant anywhere, whether a copy or an original, wherever located.

       B.     In addition to the definition for document or documents identified in 1(A)

above, the term "document" or "documents" includes anything that was transmitted and/or stored

(temporarily or permanently) on the mail server(s) for the City of Wilmington or the Wilmington

Police Department and/or that currently exists as stored data on any form of media, whether

stored in back up form or otherwise on tapes, cassettes, CDs, hard-drives, floppy diskettes, hard

diskettes, or otherwise - whether on site or off site.   The mail servers as described above include,

but are not limited to, the following:

       1.     Outlook Web Mailer Server

       2.     Any email server, computer, or hard-drive used by James Mosley
and William Montgomery both at work and at home during the
applicable period and regarding the applicable item(s).

     Such email is to be provided in ASCII format and in hard copy, and all

attachments are to be included.

    2.     The term "you" or "your" applies to all defendants.

    3.     Where one writing is responsive to more than one item, only one copy need be

produced.

    4.     These requests for production of documents are to be considered by you as

continuing, and you are requested to produce on a supplementary basis any documents

subsequently identified or obtained by any defendant which falls within the requests made herein.

The supplementary production is to be provided to Plaintiff's counsel as soon as it becomes

known to you or to your counsel and in all events before trial.

## SPECIFIC REQUESTS

1.    The entire dispensary medical file for Gilbert Howell from January 1, 1998 to the

present date.

2.    All electronic communications, including but not limited to emails and text

messages, between William Montgomery and James Mosley from July 1, 2005 through

December 31, 2005 which use any of the following words or phrases:

- Dietz
- N.D.
- G.H.
- Howell
- inspector
- promotion
- promote
- appointment
- appoint
- race
- gender
- woman
- female

3.    All electronic communications, including but not limited to emails and text

messages, between William Montgomery or James Mosley and Gilbert Howell from July 1, 2005

through December 31, 2005, on any subject whatsoever.

-4-

**THE NEUBERGER FIRM, P.A.**


/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQUIRE (#243)**
**STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com


Dated: March 14, 2007                    Attorneys for Plaintiff


Dietz / Pleadings-drafts / Document Production / Dietz - Second RFP.final

-5-

# EXHIBIT
# D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAPTAIN NANCY S. DIETZ,              )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   C.A. No. 06-256-SLR
                                    )
JAMES M. BAKER, et al.              )   JURY TRIAL DEMANDED
                                    )
            Defendants.             )
                                    )

## DEFENDANT CITY OF WILMINGTON'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant City of Wilmington, by its undersigned attorneys, hereby answers and serves the following answers to Plaintiff's Second Request for Production of Documents.

1.      The entire Dispensary medical file for Gilbert Howell from January 1, 1998 to the present date.

**RESPONSE:** Objection. This request seeks highly confidential medical information about an individual who is not a party to this action and who has not consented to the release of such information. The information sought is irrelevant and the request is not reasonably calculated to lead to the discovery of admissible evidence and is thus beyond the scope of the Federal Rules of Civil Procedure.

2.      All electronic communications, including but not limited to emails and text messages, between William Montgomery and James Mosley from July 1, 2005 through December 31, 2005 which use any of the following words or phrases:

- Dietz
- N.D.
- G.H.
- Howell
- Inspector
- Promotion

- Promote
- Appointment
- Appoint
- Race
- Gender
- Woman
- Female

**RESPONSE:** Objection. This request is overly broad, and unduly burdensome, and seeks discovery that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections, Defendant responds that it has been unable to locate responsive documents.

3.    All electronic communications, including but not limited to emails and text messages, between William Montgomery or James Mosley and Gilbert Howell from July 1, 2005 through December 31, 2005 on any subject whatsoever.

**RESPONSE:** Objection. This request is overly broad, and unduly burdensome, and seeks discovery that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ _Teresa A. Cheek_
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Counsel for Defendant City of Wilmington

Dated: April 16, 2007

# EXHIBIT
# E

# FILED UNDER SEAL

# EXHIBIT
# F

## Raeann Warner

| | |
|---|---|
| **From:** | Thomas S. Neuberger |
| **Sent:** | Thursday, April 05, 2007 2:27 PM |
| **To:** | Rebecca Butcher, Esq.; Cheek, Teresa |
| **Cc:** | Cheryl A. Hertzog, Esq.; Raeann Warner, Esq.; Stephen J. Neuberger (work); Thomas Stephen Neuberger, Esq. |

**Subject:** Dietz v. Baker

This is a follow up to the deposition today.

1. Please produce the two diplomas identified by Howell today.

2. Please produce Howell's entire psychiatric file which is found in the psychiatric files kept in the WPD personnel office of Capt. Dietz.

3. I will prepare a stipulation moving the opening brief date, as we discussed, to allow Cheryl to return to work.

4. My client signed and delivered the medical release and all documents produced will be marked confidential and copies given to all counsel.

5. I am not using a psychiatric expert or any treating physician medical witness.

6. I am not using either daughter as a fact or damages witness.

Thank you for your cooperation.

Tom

Bcc: client
*****************************************
Thomas S. Neuberger, Esquire
The Neuberger Firm
Attorneys And Counsellors At Law
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: TSN@NeubergerLaw.com

5/4/2007

## Raeann Warner

**From:**    Cheek, Teresa [tcheek@ycst.com]
**Sent:**    Thursday, May 03, 2007 4:24 PM
**To:**    Raeann Warner
**Subject:** RE: Dietz v. Baker-Objection to Plaintiff's Second Requests for Production

Dear Raeann:

As you are no doubt aware, medical records are highly confidential and sensitive information, so much so that they are protected by at least two federal laws. You have not presented us with Inspector Howell's written consent to release his medical records. Nor do we agree with your arguments regarding their relevance to this case.

I have reviewed Gilbert Howell's deposition testimony about the reasons for his absences in the 2003-2005 time period. He was not questioned about and did not specify the reason for any particular absence. He said that during this period of time, he had to take time off to care for his mother and to recover from illnesses that he now believes to have been the end result of his recently diagnosed sleep apnea. Inspector Howell's statements regarding the reasons for his absences are so general that you would not be able to impeach his testimony based on medical records, and the medical records themselves would be extrinsic evidence that would be inadmissible under Rule 608(b). In addition, you already have the police department records that describe the reasons for Gilbert Howell's absences throughout his career (D001957-2170).

Moreover, Howell testified that he had no discussions with the Mayor regarding his attendance, and there is no evidence that the Mayor considered Howell's attendance record in coming to the appointment decision. Inspector Howell's testimony regarding the reasons for his absences could have no bearing on the key issue in the case, which of course is whether the Mayor's motive was unlawful bias.

Finally, if your purpose is to attempt to impeach Inspector Howell's testimony with regard to his absences in 2003 - 2005, why are you seeking medical records from 1998 to the present?

With regard to your request for electronic communications pertaining to "any subject whatsoever," it clearly and on its face is beyond the scope of discovery.

If you were to confine your request to electronic communications between Montgomery or Mosley and Howell referring or relating to the decision to select Howell, our response would be that we have searched for and been unable to locate any responsive documents.

Sincerely yours,

Teresa A. Cheek
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-6676
Facsimile: 302-576-3286
tcheek@ycst.com

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

**From:** Raeann Warner [mailto:rw@neubergerlaw.com]

5/4/2007

**Sent:** Thursday, April 26, 2007 10:53 AM
**To:** Cheek, Teresa
**Subject:** FW: Dietz v. Baker-Objection to Plaintiff's Second Requests for Production

Teresa,

We are in receipt of Defendant City of Wilmington's Responses to Plaintiff's Second Request for Production of Documents. The City objects to the first request for the entire Dispensary medical file for Gilbert Howell from January 1, 1998 to present because it seeks highly confidential medical information about an individual who is not a party to this action and who has not consented to the release of such information. Further, the City objects to relevance and claims it is not reasonably calculated to lead to the discovery of admissible evidence.

The City's objection on the basis that the medical information is confidential is obstructive because of the Amended Stipulation and Order Regarding Confidentiality of Discovery Material (D.I. 24) which provides for the designation of discovery materials, including all documents produced, as Confidential. Paragraph 1(a) (8) provides specifically for the designation of medical records as "Confidential". Paragraph 1(c) provides that information or documents designated as confidential under this order shall not be used or disclosed by parties or counsel for parties for any purposes whatsoever other than preparing or conducting the litigation.

The information sought is relevant because it is intended to be used to impeach the testimony of Gilbert Howell during his deposition regarding his reasons for poor attendance from 2003-2005. We believe the official reasons he gave on his medical absence documentation will be different than what he swore at his deposition. Therefore, it goes to the credibility of the witness.

The City objects to the third request for "all electronic communications, including but not limited to emails and text messages, between William Montgomery or James Mosley and Gilbert Howell from July 1, 2005 through December 31, 2005 on any subject whatsoever". This request is relevant to Plaintiff's claim of illegal promotion which arose during this six month period. It is likely that communications concerning the illegal promotion exist. It is not overly broad or burdensome as it is limited to communications between Howell, the person promoted and the director of public safety or the mayor's chief aid during the six month period around which the claim arose.

The requested documents are highly relevant to issues in this case. Please remove these objections by May 3, 2007. Otherwise, we will have to seek redress with the Court.

Thank you.

Raeann
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Raeann Warner, Esq.
The Neuberger Firm
Attorneys and Counsellors at Law
Two East Seventh Street, Suite 302
Wilmington, DE 19801-3707
Phone: 302.655.0582
Fax: 302.655.9329
E-Mail: rw@neubergerlaw.com

5/4/2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CAPTAIN NANCY S. DIETZ,                    :
                                           :
        Plaintiff,                 :
                                           :
  v.                                       :
                                           :
MAYOR JAMES M BAKER,                       :        C.A.No. 06-256-SLR
individually and in his official capacity  :
as the Mayor of the City of Wilmington,    :
and the CITY OF WILMINGTON, a              :
municipal corporation,                     :
                                           :
        Defendants.                :

### <u>ORDER</u>

      The Court having considered the Motion to Compel Production of Documents filed by

the plaintiff on May___2007, and any response thereto, it is hereby Ordered this ____ day of

May, 2007 that within five days from the date of this Order the defendants shall serve the

plaintiffs with full and complete responses to Plaintiffs First and Second Set of Requests for

Production of Documents filed in this case.


                                   _____
                                   United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

May 11, 2007, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF

which will send notification of such filing to the following

> Teresa A. Cheek, Esquire
> Young, Conaway, Stargatt, & Taylor, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street, P.O. Box 391
> Wilmington, Delaware 19899-0391
> tcheek@ycst.com

> Rebecca L. Butcher, Esquire
> Landis, Rath & Cobb, LLP
> 919 Market Street, Suite 600
> Wilmington, DE 19801
> butcher@lrclaw.com

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**