IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN NANCY S. DIETZ,** | : | |
| **Plaintiff,** | : | |
| v. | : | |
| **MAYOR JAMES M. BAKER,** | : | C.A.No. 06-256-SLR |
| individually and in his official capacity | : | |
| as the Mayor of the City of Wilmington, | : | |
| and the **CITY OF WILMINGTON,** a | : | |
| municipal corporation, | : | |
| **Defendants.** | : | |

**PLAINTIFF CAPTAIN NANCY DIETZ'S REPLY IN SUPPORT OF HER MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 37**

1. On May 11, 2007 plaintiff filed a Motion (hereinafter "OB") to compel production of documents pursuant to Rule 37 of the Federal Rules of Civil Procedure. On May 30, 2007, defendants filed their response to plaintiff's Motion. (Hereinafter "AB"). This is plaintiff's Reply in support of her Motion.

2. The defense claim that the constitutional right to privacy bars release in discovery of the medical and psychological records is plainly flawed and ignores the relevant Third Circuit test. The right to privacy is not absolute. United States v. Westinghouse Electric, 638 F.2d 570, 577 (3d. Cir. 1980). The Court adopted a balancing test in Westinghouse, which balances the societal interest in disclosure against the individual's privacy interest in the records sought. The factors to be considered are:

> the [1] type of record requested, the [2] information it does or might contain, the [3] potential for harm in any subsequent nonconsensual disclosure, the [4] injury from disclosure to the relationship in which the record was generated, the [5] adequacy of safeguard to prevent unauthorized disclosure, the [6] degree of need for access, and [7]

>whether there is an express statutory mandated, articulated public policy, or other recognizable public interest militating toward access.

Westinghouse, 638 F.2d at 578. Consideration of these factors favors production.

3. It also is the non-movant's burden to demonstrate why the proponent's discovery requests need not be answered, given the liberal discovery provisions of the federal rules. See Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D.Pa. 1980). Defendants have made no showing of the potential for harm to the comparator or any injury disclosure will cause to the relationship under which the records were generated. But Plaintiff has demonstrated a substantial degree of need for access, as the records are relevant to core issues in this case, including qualifications and pretext, as well as the credibility of the witness. As explained in Plaintiff's OB, any concerns regarding confidentiality of the records sought are addressed by the very broad protective order the defense insisted upon and drafted for use in this case, which explicitly covers medical records. (D.I. 24 at 2).

4. The defense claim that the ADA bars release of these records is equally flawed. First, none of the provisions cited by defendants bar a defendant in a federal discrimination lawsuit from producing relevant medical records.

5. Second, mere review of the statute, 42 U.S.C. § 12112(d)(4), also reveals further defense flaws. Employers may inquire into medical conditions if the inquiry relates to "the ability of an employee to perform job-related functions." Id. at (d)(4)(B); see also id. at (d)(4)(A) (inquiry permitted if it is "job related and consistent with business necessity."). Given that the "minimum qualification for any job is that an employee show up to work." Black v. Runyon, 2000 WL 254669, *5 (N.D.Ohio Jan. 4, 2000), and given the vital role that police officers play in protecting public safety, the comparator's inability to show up for work and do

his job strongly bears upon his qualifications and is certainly a job-related inquiry vital to protecting public safety. Public safety has long been endangered by his dramatically excessive absenteeism. This plainly bears on his qualifications to be promoted to a position with even greater responsibilities for protecting the public.

      6. Third, as the discovery record in this case makes clear, and as will be presented to the Court at summary judgment, defendant Baker believes he is above the law and pays no regard to the requirements of either the Constitution or federal statutes in the discrimination arena. In a case about defendant Baker's blatant violation of federal law, he cannot shield himself from discovery by claiming that he never violates the law. He cannot have it both ways.

      7. It is plain error for the defense to claim that qualifications are simply irrelevant. The many reasons that the comparator's qualifications are relevant and squarely at issue in this case are set forth in Plaintiff's OB, ¶¶ 6-13. Given that the Mayor testified that he promoted the most qualified individual, the most obvious of these reasons demonstrate pretext for race or gender discrimination given that the comparator's qualifications pale in comparison to those of plaintiff.

      8. The defense claim regarding the deposition questioning is equally flawed. The comparator gave specific reasons for his excessive absences in 2003-2005. Plaintiff is entitled to comparator's medical records to impeach his credibility and veracity as a witness on these issues. The explicit defense claim that it is irrelevant "[w]hether Inspector Howell was truthful at his deposition" (AB at ¶ 9) is both false and quite troubling. Plaintiff respectfully submits that the question of whether a high ranking police official has perjured himself in federal court cannot be so cavalierly disregarded, all the more so given the impact that such evidence would have on his credibility as a witness and would shade the rest of his testimony.

9. Last, the defense claim of overbreadth of the document request for e-mails is equally without merit. The time period has been carefully limited to the six months leading up to the challenged promotion and the sender/receiver limited to the Mayor's top two advisors and the comparator. It is reasonable and likely that e-mails with evidentiary value or impact exist between these persons during this carefully crafted period of time. Any concerns about confidentiality are resolved by the broad protective order that is in place.

## Conclusion

10. For the reasons set forth above and in Plaintiff's original Motion, Plaintiff seeks an order compelling Defendants to produce all of the outstanding discovery forthwith.

**THE NEUBERGER FIRM, P.A.**

/s/   Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: June 6, 2007                           Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on June 6, 2007, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following

>Teresa A. Cheek, Esquire
>Young, Conaway, Stargatt, & Taylor, LLP
>The Brandywine Building, 17th Floor
>1000 West Street, P.O. Box 391
>Wilmington, Delaware 19899-0391
>tcheek@ycst.com
>
>Rebecca L. Butcher, Esquire
>Landis, Rath & Cobb, LLP
>919 Market Street, Suite 600
>Wilmington, DE 19801
>butcher@lrclaw.com

>/s/    Thomas S. Neuberger
>**THOMAS S. NEUBERGER**