IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN NANCY S. DIETZ,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **MAYOR JAMES M. BAKER,** : | C.A.No.06-256-SLR |
| individually and in his official capacity : | |
| as the Mayor of the City of Wilmington, : | |
| and **MAYOR AND COUNCIL OF** : | |
| **WILMINGTON,** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFF'S MOTION FOR FULL AND/OR PARTIAL
SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56, for the reasons stated in the accompanying Opening Brief, and there being no disputed issue of material fact, plaintiff Capt. Nancy S. Dietz Moves that the Court issue an Order granting her summary judgment and finding that -

(1) Under Count I, plaintiff has established that defendants have been operating under an illegal racial quota system for the rank of Inspector in violation of the Fourteenth Amendment Equal Protection Clause and 42 U.S.C. § 1981 and this quota system was the reason plaintiff was not promoted. A trial on damages and instatement is ordered.

(2) Under Count II, plaintiff has established through defendants' admissions that race played a role in the decision to deny plaintiff promotion and these admissions are sufficient to shift the burden of proof to defendants under <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989), to prove that they would have denied plaintiffs promotions anyway.

(3)  Under Counts II and III, plaintiff has established a prima facie case of race or gender discrimination in promotions.  Additionally, she has sufficient evidence to go to the jury under both prongs of Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994).

(4)  Lastly, as a matter of law there is no evidence of a compelling state interest which would permit defendants to use the suspect classifications of race or gender as a factor in making promotion decisions.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: July 27, 2007            Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN NANCY S. DIETZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **MAYOR JAMES M. BAKER,** | : | C.A.No.06-256-SLR |
| **individually and in his official capacity** | : | |
| **as the Mayor of the City of Wilmington,** | : | |
| **and MAYOR AND COUNCIL OF** | : | |
| **WILMINGTON,** | : | |
| | : | |
| **Defendants.** | : | |

ORDER

This _____ day of _____, 2007, there being no material issue in dispute, pursuant to Fed.R.Civ.P. 56, the Court grants summary judgment in favor of plaintiff Capt. Nancy S. Dietz on Count I, and partial summary judgment in favor of plaintiff on Counts II and III.  It is hereby Ordered that-

(1)  Under Count I, plaintiff has established that defendants have been operating under an illegal racial quota system for the rank of Inspector in violation of the Fourteenth Amendment Equal Protection Clause and 42 U.S.C. § 1981 and this quota system was the reason plaintiff was not promoted.  A trial on damages and instatement is ordered.

(2)  Under Count II, plaintiff has established through defendants' admissions that race played a role in the decision to deny plaintiff promotion and these admissions are sufficient to shift the burden of proof to defendants under Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), to prove that they would have denied plaintiffs promotions anyway.

(3)  Under Counts II and III, plaintiff has established a prima facie case of race or gender discrimination in promotions.  Additionally, she has sufficient evidence to go to the jury under both prongs of Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994).

(4)  Lastly, there is no evidence of a compelling state interest which would permit them to use the suspect classifications of race or gender as a factor in making promotion decisions.  Accordingly, as a matter of law, there is no compelling state interest which would justify the use of race or gender in their promotion system.

_____
**THE HONORABLE SUE L. ROBINSON**

**CERTIFICATE OF SERVICE**

  I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on July 27, 2007, I electronically filed this **Motion** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

    Teresa A. Cheek, Esquire
    Young, Conaway, Stargatt, & Taylor, LLP
    The Brandywine Building, 17th Floor
    1000 West Street, P.O. Box 391
    Wilmington, Delaware 19899-0391
    tcheek@ycst.com

    Rebecca Butcher, Esq.
    Dan Rath, Esq.
    Landis, Rath & Cobb, LLP
    919 Market Street, Suite 600
    Wilmington, DE 19801
    butcher@lrclaw.com

     /s/ Thomas S. Neuberger
     **THOMAS S. NEUBERGER, ESQ.**

Dietz, Nancy \ Pleadings \ Dietz - Motion for SJ