IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN NANCY S. DIETZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAYOR JAMES M. BAKER, | : | C.A.No.06-256-SLR |
| individually and in his official capacity | : | |
| as the Mayor of the City of Wilmington, | : | |
| and the CITY OF WILMINGTON, a | : | |
| municipal corporation, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
AND/OR A PRELIMINARY INJUNCTION**

Pursuant to Fed.R.Civ.P. 65, for the reasons stated in the accompanying Opening Brief, plaintiff Capt. Nancy S. Dietz Moves that the Court issue a Temporary Restraining Order and/or a Preliminary Injunction.

(1) This is a promotion case seeking instatement, a legally difficult remedy to obtain since there was a sitting incumbent in the sought after position, the comparator who received the disputed position. Plaintiff expected to build a record at trial justifying the instatement remedy due to a litany of performance issues with the incumbent and the fact that his continuance in his job jeopardized the public safety. However, the comparator has suddenly retired and the City is rushing to fill the position with another individual who will not be plaintiff. That person once installed will acquire equities as an innocent third party which will be difficult for plaintiff to overcome at trial. Thus she will in all likelihood lose her opportunity for instatement.

(2) Plaintiff has moved to maintain the status quo, which is the fact that the Inspector position is vacant and, since the prior incumbent was chronically absent from his job, that his duties for quite some time have been performed by officers of lesser rank. The status quo is that there is no officer permanently performing the duties of Inspector and that officers of the rank of captain have fulfilled the duties of this position since 2005.

(3) Plaintiff seeks an order, through trial and a decision on instatement, baring the defendants from permanently filling this Inspector position and allowing the Chief of Police to appoint whatever Captain he wishes to act in the position temporarily, but not permanently.

(4) The legal standards for preliminary injunctive relief have been met.

(5) Eventual success on the merits is highly likely for three reasons on this fully developed post discovery record. First, the City is operating an illegal racial quota system for the position. Second, under a direct evidence paradigm there is abundant evidence that the City is using a racial criterion to fill the position. Third, under a pretext theory any justification the City offers for its actions fail under the weight of admissible evidence under prongs one and two of the **Fuentes** test.

(6) Under the case law the harm to plaintiff in finally losing her opportunity to lead and shape the performance of the much maligned WPD constitutes irreparable harm. Her harm is not measured by lost pay but by the opportunity to serve and protect the citizens of Wilmington. Being deprived of this opportunity to rise into the upper echelon of the WPD, as well as passing on her knowledge and skill to younger officers to help them become better and well-rounded and thus better serve the City of Wilmington, is an intangible injury for which an award of front pay cannot compensate her.

(7)  No innocent third parties will be harmed by filling the position only with an acting officer, since no incumbent is being bumped or removed from the position.

(8)  Last, the public interest is served by preserving the opportunity for instatement in a case that cries out for a fully adequate remedy by means of instatement when the defendants have for 29 years been openly defying the mandates of the Equal Protection Clause.  The quota in place is the product of racial politics which have no place in our polity.

          Respectfully Submitted,

          **THE NEUBERGER FIRM, P.A.**

          /s/ Thomas S. Neuberger
          **THOMAS S. NEUBERGER, ESQ. (#243)**
          **STEPHEN J. NEUBERGER, ESQ. (#4440)**
          Two East Seventh Street, Suite 302
          Wilmington, DE 19801
          (302) 655-0582
          TSN@NeubergerLaw.com
          SJN@NeubergerLaw.com

Dated: August 1, 2007          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN NANCY S. DIETZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | C.A.No.06-256-SLR |
| **MAYOR JAMES M. BAKER,** | : | |
| individually and in his official capacity | : | |
| as the Mayor of the City of Wilmington, | : | |
| and the **CITY OF WILMINGTON,** a | : | |
| municipal corporation, | : | |
| | : | |
| **Defendants.** | : | |

**TEMPORARY RESTRAINING ORDER**

This ___ day of _____, 2007, upon presentation of plaintiff's motion, brief, affidavit, and documents filed in support thereof, and it appearing that the defendants were given notice of this application for a temporary restraining order, and the Court having considered the record before it including any pleadings, affidavits, documents, appendix, briefs, and arguments of all parties, and it further appearing that (1) plaintiff has shown a strong likelihood of success on the merits, (2) if the defendants are not temporarily restrained, plaintiffs will be immediately and irreparably injured because she will forever be denied her constitutional right to be free from racial and gender discrimination should defendants permanently fill the Inspector position, (4) no innocent third parties will be harmed, and (4) the public interest is served by preserving the opportunity for instatement.

NOW, THEREFORE, IT IS ORDERED THAT:

(a)     The defendants, and their agents, employees, servants, officers, attorneys,

successors, assigns, and all others acting in concert or participation with them, are hereby enjoined and restrained from permanently filling the position of Uniformed Operations Inspector of the Wilmington Police Department until after trial and a decision on instatement. Trial is scheduled to begin on February11, 2008.

(b)     Additionally, to maintain the status quo of various captains fulfilling the duties of Uniformed Operations Inspector, the Chief of Police is allowed to appoint whatever captain he wishes to act in the position temporarily, but not permanently.

(c)     Plaintiffs shall post a bond in the amount of _____ dollars without surety as security for the payment of such costs and expenses as may be incurred or suffered by the defendants if it should be determined that they have been wrongfully enjoined or restrained.

(d)     This order shall become effective upon execution provided that the above mentioned bond without surety is filed with the Court no later than _____, 2007.

(e)     This Temporary Restraining Order shall expire ten (10) days after it is effective, unless it is renewed.

(e)     A hearing on plaintiff's application for a preliminary injunction shall be held on _____, 2007, at ____.

_____
**THE HONORABLE SUE L. ROBINSON**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN NANCY S. DIETZ,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | C.A.No.06-256-SLR |
| **MAYOR JAMES M. BAKER,** : | |
| individually and in his official capacity : | |
| as the Mayor of the City of Wilmington, : | |
| and the **CITY OF WILMINGTON,** a : | |
| municipal corporation, : | |
| : | |
| **Defendants.** : | |

**PRELIMINARY INJUNCTION**

This ___ day of _____, 2007, upon presentation of plaintiff's motion, brief, affidavit, and documents filed in support thereof, and it appearing that the defendants were given notice of this application for a preliminary injunction, and the Court having considered the record before it including any pleadings, affidavits, documents, appendix, briefs, and arguments of all parties, and it further appearing that (1) plaintiff has shown a strong likelihood of success on the merits, (2) if the defendants are not temporarily restrained, plaintiffs will be immediately and irreparably injured because she will forever be denied her constitutional right to be free from racial and gender discrimination should defendants permanently fill the Inspector position, (4) no innocent third parties will be harmed, and (4) the public interest is served by preserving the opportunity for instatement.

NOW, THEREFORE, IT IS ORDERED THAT:

(a)   The defendants, and their agents, employees, servants, officers, attorneys,

successors, assigns, and all others acting in concert or participation with them, are hereby enjoined and restrained from permanently filling the position of Uniformed Operations Inspector of the Wilmington Police Department until further order of the Court.

(b)     Additionally, to maintain the status quo of various captains fulfilling the duties of Uniformed Operations Inspector, the Chief of Police is allowed to appoint whatever captain he wishes to act in the position temporarily, but not permanently.

(c)     Plaintiffs shall post a bond in the amount of _____ dollars without surety as security for the payment of such costs and expenses as may be incurred or suffered by the defendants if it should be determined that they have been wrongfully enjoined or restrained.

(d)     This order shall become effective upon execution provided that the above mentioned bond without surety is filed with the Court no later than _____, 2007.  This order will continue in effect until further order of the Court.


_____
**THE HONORABLE SUE L. ROBINSON**

## CERTIFICATE OF SERVICE

I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on August 1, 2007, I electronically filed this **Motion** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Teresa A. Cheek, Esquire
>Young, Conaway, Stargatt, & Taylor, LLP
>The Brandywine Building, 17th Floor
>1000 West Street, P.O. Box 391
>Wilmington, Delaware 19899-0391
>tcheek@ycst.com
>
>Rebecca Butcher, Esq.
>Dan Rath, Esq.
>Landis, Rath & Cobb, LLP
>919 Market Street, Suite 600
>Wilmington, DE 19801
>butcher@lrclaw.com

>/s/ Thomas S. Neuberger
>**THOMAS S. NEUBERGER, ESQ.**

Dietz, Nancy \ Pleadings \ Dietz - Motion for TRO-PI.final